AMERICAN HARDWARE MUTUAL INSURANCE COMPANY,
Plaintiff-Respondent,

v.

Pearl A. STEBERGER, Defendant-Appellant.†

Court of Appeals

*No. 94–0120–FT. Submitted on briefs June 3, 1994.—Decided
September 27, 1994.*

(Also reported in 523 N.W.2d 187.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Robert Silverstein & Associates, S.C.*, with *Ronald Bornstein*, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *Riordan, Crivello, Carlson, Mentkowski & Steeves, S.C.*, with *W. Baron Chapin*, of Milwaukee

Before Wedemeyer, P.J., Sullivan and Schudson, JJ.

SCHUDSON, J.   This case presents an issue of first impression: whether § 632.32(3)(a), STATS., the omnibus statute, applies to underinsured motorist (UIM) coverage so that a permissive user is entitled to the increased coverage limits purchased for specifically named insureds under a policy endorsement. We conclude that the omnibus statute does not apply in such circumstances. Therefore, we affirm the judgment granted in favor of American Hardware Mutual Insurance Company.

The facts are undisputed. On December 20, 1991, while working as an employee of Mayfair Chrysler Plymouth, Inc., and while operating a vehicle owned by Mayfair, Pearl A. Steberger was involved in an automobile accident with a car driven by Lisa Campbell. Steberger sustained severe personal injuries. Campbell's insurer, the Leader National Insurance Company, paid its $25,000 policy limits to Steberger. After receiving the policy limits from Leader, Steberger made a claim against American Hardware, Mayfair's auto insurer, for UIM coverage. Mayfair's auto policy

provided $50,000 UIM coverage for employees and, pursuant to a specific endorsement to the policy, $500,000 UIM coverage for specifically named insureds. Steberger was not a named insured.

American Hardware filed suit, seeking a declaratory judgment holding that the UIM coverage limits were $50,000. Steberger answered and counterclaimed, seeking a declaratory judgment that the available UIM coverage was $500,000. The trial court concluded that § 632.32(3)(a), STATS., applied only to liability coverage and not to UIM coverage. Steberger appealed.

■

Application of the omnibus statute to undisputed facts is a question of law. *See Iaquinta v. Allstate Ins. Co.*, 180 Wis. 2d 661, 665, 510 N.W.2d 715, 716 (Ct. App. 1993). Accordingly, our review is *de novo. See id.*

Section 632.32, STATS., in pertinent part, provides:

**Provisions of motor vehicle insurance policies. (1)** SCOPE. Except as otherwise provided, this section applies to every policy of insurance issued or delivered in this state against the insured's liability for loss or damage resulting from accident caused by any motor vehicle, whether the loss or damage is to property or to a person.

. . ..

**(3)** REQUIRED PROVISIONS. Except as provided in sub. (5) [the motor vehicle handler exception, which is not relevant in this case], every policy subject to this section issued to an owner shall provide that:

(a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.

Steberger argues that "[c]overage" under subsection (3)(a) includes the named insureds' increased UIM coverage limits by referring to subsection (1), which refers to every "*policy* of insurance." We reject this argument because, more accurately, subsection (1) refers to "every policy of insurance issued or delivered in this state against the insured's *liability*." (Emphasis added.)

Subsection (3)(a) "has been primarily interpreted as dealing with *liability* insurance rather than indemnity insurance such as uninsured motorist coverage." *See Martin v. Milwaukee Mut. Ins. Co.*, 146 Wis. 2d 759, 770, 433 N.W.2d 1, 5 (1988). In *Martin v. Milwaukee Mutual Ins. Co.*, the supreme court considered whether a passenger or occupancy insured could "stack" the named insured's uninsured motorist (UM) coverage from non-involved vehicles. The supreme court rejected the passenger's argument that to not allow stacking in such circumstances would be contrary to the omnibus statute. *See id.*, 146 Wis. 2d at 767-776, 433 N.W.2d at 4-7. Discussing the nature of uninsured motorist coverage, the court noted that one of the reasons behind "stacking" UM coverage for policyholders and their families was that it was "reasonable to assume the named insured would want the extra protection provided by the uninvolved auto's policy to be available exclusively for their own and their relatives' claims." *See id.*, 146 Wis. 2d at 769, 433 N.W.2d at 5.

Steberger argues, however, that the issue in this appeal was not definitively answered, pointing to the following language from *Martin*:

> *Even if § 632.32(3)(a), STATS., did apply to indem-*
> *nity insurance,* it and § 632.32(6)(b)2 would not
> apply in this case.

*Id.,* 146 Wis. 2d at 770, 433 N.W.2d at 5 (emphasis
added). The court, however, continued:

> The policy of an involved auto is applied to both the
> driver and occupant. Both are able to recover under
> that uninsured motorist provision. The uninvolved
> auto's policy, however, is not subject to the statute
> because the Martins are not covered by it; not being
> occupants they were not occupancy insureds. *The*
> *statutes do not state that "occupancy insureds are*
> *entitled to all applicable insurance protection the*
> *named insured has procured for himself."*

*Id.,* 146 Wis. 2d at 771, 433 N.W.2d at 5 (emphasis
added). Thus, while *Martin* involved "stacking," *Mar-*
*tin* rejected an argument analogous to the one
Steberger makes here: that under the omnibus statute
non-named insureds are entitled to all insurance pro-
tection that named insureds have procured for
themselves and their family members.

Steberger also cites *Lukaszewicz v. Concrete*
*Research, Inc.,* 43 Wis. 2d 335, 168 N.W.2d 581 (1969),
in support of her argument that the omnibus statute
applies to indemnity-type policies. In interpreting the
predecessor to the omnibus statute, the supreme court
stated:

> While very little is required by §§ 204.34 and
> 204.30, Stats., by way of coverage in an automobile
> liability policy as compared to a standard fire policy
> required by § 203.01 and the standard accident and
> sickness policy required by § 204.31, Stats.; never-
> theless, *indemnity* for loading and unloading, which
> is now usual coverage in automobile policies—or

686

> whatever the *indemnity* may be, whether broad or limited in scope, and whether required by statute or not—if given to the named insured, must be extended to those to whom the coverage of the policy was intended to be extended by the omnibus statute.

*Lukaszewicz*, 43 Wis. 2d at 341, 168 N.W.2d at 584 (emphasis added). In isolation, this language might seem to suggest that the omnibus statute has been applied to indemnity-type coverage. In context, however, these statements in *Lukaszewicz* clearly were discussing liability coverage, not indemnity coverage. *See id.*, 43 Wis. 2d at 336-341, 168 N.W.2d at 582-584. Thus, *Lukaszewicz* provides no support for Steberger's position.

Therefore, we conclude that the UIM coverage limits for named insureds are inapplicable to Steberger and only $50,000 of UIM coverage is potentially available. Accordingly, the judgment is affirmed.

*By the Court.*—Judgment affirmed.