Naomi REA, a minor, by and through her guardian ad litem, John Wargo, Plaintiff-Appellant,†

v.

TRANSPORTATION INSURANCE COMPANY, Defendant-Third Party Plaintiff-Respondent,

STURTEVANT AUTO SALES & SERVICE, INC., a/k/a Sturtevant Auto Salvage, Richard A. Roy, John F. Boho, David Baker, Karen Baker, ABC Insurance Company, Transcontinental Insurance Company, Country Mutual Insurance Company, Country Casualty Insurance Company and XYZ Insurance Company, Defendants-Third Party Plaintiffs,

v.

Melissa GODINA, Lazaro Rea and Racine County, Third Party Defendants,

ALLSTATE INSURANCE COMPANY, Additional-Third Party Defendant.

Court of Appeals

*No. 94–1124. Submitted on briefs December 19, 1994.—Decided January 25, 1995.*

(Also reported in 528 N.W.2d 79.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Harold D. Block* of Milwaukee.

On behalf of the defendant-third party plaintiff-respondent, the cause was submitted on the brief of

*Edward A. Hannan* and *Everett E. Wood* of *Godfrey, Braun & Hayes* of Milwaukee.

Before Brown, Nettesheim and Snyder, JJ.

BROWN, J.   This case concerns a salvage yard vehicle that was used only on the premises. The vehicle was involved in a personal injury accident on the premises, but the salvage yard's fleet insurance policy clearly excluded yard vehicles. The issue is whether Wisconsin's omnibus statute, § 632.32, STATS., prohibits this exclusion. We hold that the answer is "no" and affirm the trial court's declaratory judgment denying coverage.

Naomi Rea was injured when she was struck by a van owned by Sturtevant Auto Sales & Service, Inc., an auto salvage company. The van was operated exclusively on the salvage yard premises as a service vehicle and the accident occurred in the yard. Naomi entered into a settlement with the salvage yard's commercial general liability insurance carrier, reserving her right to proceed against Transportation Insurance Company, the salvage yard's business auto liability policy carrier.

The Transportation business auto liability policy described its scope of coverage in relevant part: "We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.' " The policy defined "auto" as a "land motor vehicle, trailer or semitrailer designed for travel on public roads but does not include 'mobile equipment.' " "Mobile equipment" was defined in relevant part as "any of the following types of land vehicles . . .

[v]ehicles maintained for use solely on or next to premises you own or rent."

Rea and Transportation filed cross-motions for declaratory judgment on whether the "mobile equipment" exclusion in the Transportation policy exempted negligent operation of the Sturtevant "yard vehicle" from liability coverage. The trial court granted Transportation's motion that the business auto liability policy provided no coverage for Naomi's injuries caused by operation of the yard vehicle.

Naomi argues that § 632.32(2), STATS., imposes a definition of "motor vehicle" on every automobile liability insurance policy issued in Wisconsin and, therefore, Transportation cannot limit the scope of its liability coverage by excluding any vehicles falling under that statutory definition. Transportation contends that § 632.32 does not impose such a definition on its business auto liability policy and that there is nothing within the section prohibiting it from excluding a certain class of vehicles from coverage.

The application of § 632.32, STATS., to the undisputed facts is a question of law which we review without deference to the trial court. *See American Hardware Mut. Ins. Co. v. Steberger*, 187 Wis. 2d 681, 683, 523 N.W.2d 187, 188 (Ct. App. 1994).

Naomi's argument begins and ends with reference to § 632.32(2), STATS., entitled "DEFINITIONS," which provides, in part: " *In this section*: (a) 'Motor vehicle' means a self-propelled land motor vehicle designed for travel on public roads and subject to motor vehicle registration under ch. 341." (Emphasis added.) Naomi contends that this definition section is by itself a mandated provision required to be expressed within all insurance policies subject to § 632.32. Naomi asserts

that any policy definition which is narrower than the statutory definition is void.

■

We do not agree. It is not the law in Wisconsin that every vehicle designed for use on the public highways and subject to registration must be insured. *See Keane v. Auto-Owners Ins. Co.*, 159 Wis. 2d 539, 554, 464 N.W.2d 830, 836 (1991) (noting that Wisconsin is not a compulsory insurance state). Owners of motor vehicles can drive without insurance in this state—at least until they have been in an accident. *See id.; see also* § 344.25, STATS. In this state, motor vehicle owners can voluntarily decide to get motor vehicle insurance for one vehicle or multiple vehicles. The owner can own a host of vehicles, but decide to insure only some of them. *If* motor vehicle insurance *is* obtained for any vehicle, however, then the insurance is subject to the restrictions found in the omnibus statute.

These restrictions include the following: *If* auto insurance is going to be purchased, the policy must provide that coverage to the named insured applies in the same fashion to any person using the motor vehicle. Section 632.32(3)(a), STATS. The policy provided must extend to any person legally responsible for the use of the motor vehicle. Section 632.32(3)(b). Additionally, all policies must contain uninsured motorists coverage and medical payments coverage. Section 632.32(4).

The omnibus statute also explains what is *not* restricted. Section 632.32(5)(e), STATS., provides that a policy "may provide for exclusions not prohibited by sub. (6) or other applicable law." Section 632.32 requirements and prohibitions are set forth in subsecs.

(3), (4) and (6).[1] Nothing in § 632.32 prohibits the exclusion of "mobile equipment."

The restrictions that *are* in the omnibus statute apply to all self-propelled land motor vehicles fitting the definitional section of § 632.32(2)(a), STATS., for which insurance *has been purchased*. Thus, the question is not whether the yard vehicle was a motor vehicle within the definitional section of § 632.32(2)(a). The real question is whether the owner of that yard vehicle (which arguably fits the statutory definition) purchased insurance for that vehicle.

The answer to the question is "no." The policy clearly indicates that the insured was not purchasing a policy for its mobile equipment. The policy also clearly states that vehicles maintained for use solely on the premises came within the definition of "mobile equipment." Naomi contends that the terms are ambiguous and thus should be resolved against the insurer. *See State Farm Mut. Auto. Ins. Co. v. Rechek*, 125 Wis. 2d 7, 10, 370 N.W.2d 787, 789 (Ct. App. 1985). Much of Naomi's ambiguity argument, however, appears to rest on the allegation that § 632.32, STATS., imposes a definition of "motor vehicle" on the policy and, as such, an ambiguity arises from the resulting inconsistency between the policy definition and the statutory definition. We have previously rejected that argument. We conclude that the policy is clear and unambiguous. The salvage yard vehicle was not intended to be part of the

---

[1] Subsection (6), among other things, prohibits provisions which would exclude coverage for officers, agents or employees in policies issued to motor vehicle handlers, for persons related by blood or marriage to the insured and for passengers injured in the insured vehicle. Section 632.32(6), STATS.

insurance policy and nothing in the statutes mandates that the vehicle be so insured.

*By the Court.*—Judgment affirmed.