Angela M. PEABODY, Plaintiff-Respondent,†

v.

AMERICAN FAMILY MUTUAL INSURANCE CO., Defendant-Appellant.

Court of Appeals

*No. 97–2842. Submitted on briefs March 23, 1998.—Decided May 28, 1998.*

(Also reported in 582 N.W.2d 753.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Nancy J. Sixel* of *Tinglum & Sixel, S.C.* of River Falls.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael A. Jacobson* of *Hammarback Law Offices, S.C.* of River Falls.

Before Cane, P.J., Myse and Hoover, JJ.

CANE, P.J. American Family Mutual Insurance Company appeals an order denying its motion for summary judgment and granting summary judgment in

favor of Angela Peabody.[1] American Family contends that Peabody is excluded from coverage under the plain meaning of the unambiguous language of the policy, and that the policy exclusion is supported by case law and public policy considerations. We agree and therefore reverse.[2]

In 1994, Peabody[3] was injured while she was a passenger in a car owned by Michael Toenjes and driven by Timothy Owen. The Toenjes vehicle collided with a vehicle owned and driven by Matthew Quiding. Peabody shared Quiding's liability limits with the other injured parties.

At the time of the accident, Peabody owned her own vehicle, a 1986 Plymouth Duster. She insured the Plymouth through General Casualty; that policy, however, did not include underinsured motorist (UIM) coverage.

---

[1] American Family filed a motion for summary judgment, which the court decided in Peabody's favor by memorandum decision dated January 17, 1997. Because the trial court based its decision on a policy exclusion not relied on by American Family, the court reconsidered its first decision and rendered its second decision on September 11, 1997. American Family appeals the second decision. Petition for leave to appeal was granted October 24, 1997.

[2] American Family also submits that, even if it is not entitled to summary judgment, the trial court erred by granting summary judgment in Peabody's favor because there exists a dispute as to a material fact and Peabody is not entitled to judgment as a matter of law because various legal issues remain unaddressed. Because we conclude American Family is entitled to judgment as a matter of law, we need not address this issue. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514, 520 (Ct. App. 1989).

[3] At the time of the accident in 1994, Peabody was not married and was known as Angela Richmond.

This suit arises from Peabody's attempt to obtain UIM benefits as a resident relative under her father, John Richmond's, policy on his own vehicle issued by American Family.[4] American Family moved for summary judgment because Richmond's policy and UIM endorsement excluded resident relatives who owned their own cars from receiving UIM benefits. The trial court denied American Family's motion and further found that Peabody was covered under her father's American Family policy and entered judgment in her favor.

We review a summary judgment de novo, applying the same standards as the trial court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). The methodology is well-known and need not be repeated here. *See State Bank v. Elsen*, 128 Wis. 2d 508, 511–12, 383 N.W.2d 916, 917–18 (Ct. App. 1986). Summary judgment is appropriate when there is no genuine issue of material fact present and the moving party is entitled to judgment as a matter of law. Section 802.08(2), STATS.; *Kersten*, 136 Wis. 2d at 315, 401 N.W.2d at 820.

The issue before us is whether Peabody is an insured entitled to receive UIM benefits under her father's policy. In the section of the policy entitled "Definitions Used Throughout This Policy," the policy

---

[4] American Family conceded that Peabody was living with Richmond for purposes of deciding its summary judgment motion based on the exclusion, but it appears the parties otherwise dispute whether Peabody lived with her mother and stepfather at the time of the accident, based on Peabody's statement to an insurance agent. For purposes of deciding whether American Family is entitled to judgment, we assume that Peabody was a resident of Richmond's household.

defines relative as: "[A] person living in your household, related to you by blood, marriage or adoption. This includes a ward or foster child. *It does not include any person who, or whose spouse, owns a motor vehicle other than an off-road motor vehicle*." (Emphasis added.) The policy also included an "Underinsured Motorists (UIM) Coverage Endorsement." Immediately following the title of the endorsement are the words "Keep With Policy," and the first line of the UIM endorsement states: "This endorsement forms a part of the policy to which it is attached." The UIM endorsement goes on to state that: "As used in this endorsement: (1) **Insured** person means: a. **You** or a **relative**." If this exclusion is valid, then Peabody is not entitled to UIM benefits. First, we determine whether the policy clearly and unambiguously excludes Peabody from coverage. Then we examine whether the exclusion is valid under Wisconsin statutes, case law, and public policy considerations.

Resolution of this issue involves construction of an insurance policy, which is a question of law we decide without deference to the trial court. *Smith v. Atlantic Mut. Ins. Co.*, 155 Wis. 2d 808, 810, 456 N.W.2d 597, 598 (1990). The rules applicable to statutory construction apply when evaluating an insurance contract as well. *Id.* In resolving this issue, we must first look to the language of the policy. *Budget Rent-A-Car Sys. v. Shelby Ins. Group*, 197 Wis. 2d 663, 669, 541 N.W.2d 178, 180 (Ct. App. 1995). If the terms of an insurance policy are plain and unambiguous, we must not rewrite the policy by construction. *Smith*, 155 Wis. 2d at 811, 456 N.W.2d at 599. A term or phrase is ambiguous if it is susceptible to more than one reasonable construction. *Id.* at 811, 456 N.W.2d at 598–99. A term is not

ambiguous, however, just because persons may reach different conclusions regarding the meaning or may interpret the term differently. *In re Michael J.K.*, 209 Wis. 2d 499, 504, 564 N.W.2d 350, 352 (Ct. App. 1997). We must construe a term in a policy not from the standpoint of what the insurer intended but from what a reasonable person in the insured's place would believe the term means. *See Garriguenc v. Love*, 67 Wis. 2d 130, 134–35, 226 N.W.2d 414, 417 (1975); *Reserve Life Ins. Co. v. La Follette*, 108 Wis. 2d 637, 645, 323 N.W.2d 173, 177 (Ct. App. 1982).

Peabody asserts that the trial court correctly found that the policy is ambiguous because the term "relative" as used in the UIM endorsement could be understood by a reasonable person in the insured's place to constitute a redefinition of the term "relative," and that it is reasonable for the insured to interpret "relative" according to its common, ordinary meaning and not the meaning defined in the body of the policy.

American Family, on the other hand, argues that the meaning of "relative" as used in the policy, including the attached UIM endorsement, clearly and unambiguously excludes residents who own their own vehicles from receiving UIM benefits. We agree with American Family that the policy clearly and unambiguously limits the UIM coverage to the named insured or a relative, provided the relative does not own his or her own vehicle. In the section of the policy entitled "Definitions Used Throughout This Policy," the term relative is defined, and contains a definitional exclusion commonly referred to as an "own other car" exclusion. The policy provides:

> As used throughout this policy, except where redefined, and shown in bold type:

. . . .

> **Relative** means a person living in your household, related to you by blood, marriage or adoption. This includes a ward or foster child. *It does not include any person who, or whose spouse, owns a motor vehicle other than an off-road motor vehicle.* (Italics emphasis added; bold emphasis in original.)

Richmond's policy also includes an "Underinsured Motorists (UIM) Coverage Endorsement," which states:

> This endorsement *forms a part of the policy to which it is attached . . . .*
>
> **We** will pay compensatory damages for **bodily injury** which an **insured person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle.** The **bodily injury** must be sustained by an **insured person** and must be caused by accident and arise out of the use of the **underinsured motor vehicle.** (Italics emphasis added; bold emphasis in original.)

The UIM coverage endorsement goes on to provide in a section entitled, "Additional Definitions Used in This Endorsement Only," that, as used in the endorsement, an insured person means "**you** or a **relative.**" (Emphasis in original.)

The policy definition of relative applies in the endorsement definition of insured. The endorsement is a part of the policy as a whole, "relative" appears in bold type in the endorsement definition of an insured, and the term "relative" is not redefined in the endorsement. According to the plain language of the policy, the definition of relative set forth in the definition section of the policy applies in the UIM endorsement as well. We do not conclude it is reasonable for Peabody to

348

assert that the mentioning of a pre-defined term in a different part of the policy equals a redefinition of that term, especially where the term appears in bold type, and the portion of the policy where the disputed term is found is prefaced by language clearly incorporating the document into the policy as a whole.

■

The policy clearly and unambiguously excludes from coverage household residents related by blood, marriage or adoption who own their own vehicles. It is therefore our function to apply the clear and unambiguous language of the policy to the facts before us. *Budget Rent-A-Car*, 197 Wis. 2d at 669, 541 N.W.2d at 180. The parties do not dispute that Peabody owned her own vehicle at the time of the accident. Peabody, therefore, does not fall within the definition of "relative" as set forth in Richmond's policy. Because she is not a relative according to the terms of the policy, it also follows that she is not an insured under the UIM coverage endorsement, which defines an insured person as "**you**" (the named insured) or "a **relative**."

Having determined that the policy clearly and unambiguously excludes Peabody from receiving UIM coverage because she is not an insured, we next determine whether this definitional exclusion comports with Wisconsin statutes, case law and public policy considerations. Peabody first contends that exclusion of a blood relative from UIM benefits is contrary to § 632.32(6)(b)1, STATS. Specifically, she argues that § 632.32, STATS., applies to all insurance policies and the American Family exclusion violates § 632.32(6)(b)1, STATS. That section provides: "No policy may exclude from the coverage afforded or benefits provided: (1) Persons related by blood or marriage to the insured." Peabody relies on *Bindrim v. B. & J. Ins.*

349

*Agency*, 190 Wis. 2d 525, 527 N.W.2d 320 (1995), for the proposition that § 632.32(6)(b)1, STATS., prohibits any exclusion of a relative by blood or marriage in all insurance policies. Peabody's arguments are unpersuasive because they ignore the scope of applicability of § 632.32(1), STATS., and because *Bindrim* is easily distinguishable from the case at hand.

First, § 632.32(6)(b)1, STATS., prevents insurers from excluding persons related by blood or marriage from receiving coverage or benefits under a *liability* insurance policy. Section 632.32(1), STATS., sets forth the scope of § 632.32:

> (1) SCOPE. *Except as otherwise provided*, this section applies to every policy of insurance issued or delivered in this state against the insured's *liability* for loss or damage resulting from accident caused by any motor vehicle, whether the loss or damage is to property or to a person. (Emphasis added.)

Section 632.32(6)(b)1 does not contain any language otherwise providing that its applicability is anything other than to liability policies. The plain language of the statutory scheme indicates that insurance policies may not exclude relatives by blood or marriage from *liability* coverage or benefits, but does not prohibit all exclusions under all circumstances.[5] We conclude that American Family's definition of "relative" excluding

---

[5] *See, e.g.*, § 632.32(5), STATS., entitled PERMISSIBLE PROVISIONS, which indicates that the legislature has considered, and found valid, exclusions that incidentally have the effect of excluding persons who would otherwise be entitled to coverage by virtue of § 632.32(6)(b)1, STATS. Section 632.32(5)(e) provides:

> A policy may provide for exclusions not prohibited by sub. (6) or other applicable law. Such exclusions are effective even if inci-

Peabody from coverage as an insured and thereby preventing her from recovering UIM benefits under her father's policy is not contrary to § 632.32(6)(b)1.

Second, *Bindrim* is not controlling for reasons similar to our analysis under § 632.32(6)(b)1, STATS. That case involved the extension of liability insurance to the wife of an insured who, while driving a vehicle owned by an unrelated person, struck a motorcycle and injured its rider. *Bindrim*, 190 Wis. 2d at 531, 527 N.W.2d at 322. The husband's insurance policy contained a clause restricting insurance for bodily injury and property damage liability to only the named insured on the policy and a clause entitled "Named Operators Coverage for non-owned vehicles." *Id.* at 531–32, 527 N.W.2d at 322. Also, the insurer had certified to the Secretary of Transportation that its policy fulfilled the requirements of the financial responsibility statutes, §§ 344.24, et seq., STATS. The husband was required to file a financial responsibility statement because his driver's license had previously been revoked. *Id.* at 532, 527 N.W.2d at 322.

██ We conclude that *Bindrim* is distinguishable on its facts and holding from our case. The *Bindrim* court held that an insurer's attempt to exclude a spouse from liability coverage was contrary to § 632.32(6)(b)1, STATS., and that an endorsement attempting to limit coverage of the husband to situations where he was driving an automobile not owned in whole or in part by him violated the financial responsibility statutes, which required that the policy insure the named person while using *any* motor vehicle. *Bindrim*, 190 Wis. 2d at 533, 527 N.W.2d at 323. Here, we have a blood

dentally to their main purpose they exclude persons, uses or coverages that could not be directly excluded under sub. (6)(b).

relative of the insured attempting to gain underinsured motorist benefits, not liability coverage, from her father's policy, when she owned and insured her own vehicle on which she elected not to have UIM coverage. Because our case addresses a factually distinct situation and a different type of coverage, we determine *Bindrim* is not controlling, and therefore reject Peabody's argument that *Bindrim* stands for the proposition that the "own other car" exclusion violates § 632.32(6)(b)1.

Next, Peabody contends that the insurer's purpose for using "drive/own other car" exclusions in liability policies does not exist in her case and, therefore, the rationale upholding the validity of those exclusions is not applicable here. Peabody acknowledges that Wisconsin courts have long recognized an insurer's purpose for including "drive/own other car" exclusions in liability policies. In *Hulsey v. American Family Mut. Ins. Co.*, 142 Wis. 2d 639, 647, 419 N.W.2d 288, 291 (Ct. App. 1987), we stated:

> The purpose of the policy provision in question is to provide "drive-other-cars" liability coverage to a resident relative so long as the relative does not acquire and operate his or her own auto. In that case, the relative should insure his or her own vehicle and thereby obtain "drive-other-cars" coverage through the independent policy. The principal purpose of an independent policy for the relative who obtains an automobile is to provide coverage for that automobile should it become involved in an accident or other mishap. Without these limitations, a person could purchase just one policy on only one automobile and cover relatives using other automobiles frequently driven or at least having the opportunity to be driven.

*Id.* (citing with approval the rationale for upholding "drive/own other car" exclusion in *State Farm Mut. Auto. Ins. Co. v. Rechek*, 125 Wis. 2d 7, 10–11, 370 N.W.2d 787, 789–90 (Ct. App. 1985)). Peabody argues that because she was injured in a third party's vehicle, it is irrelevant that she owned her own car and that she is therefore entitled to coverage. We are not persuaded.

Peabody relies on *Welch v. State Farm Mut. Auto. Ins. Co.*, 122 Wis. 2d 172, 180–81, 361 N.W.2d 680, 684–85 (1985), for the proposition that UIM coverage is portable in nature and protects an insured regardless of where the injury occurs. In *Welch* the court held that an exclusion which limits uninsured motorist (UM) coverage or the prevention of aggregation of UM benefits is void. Uninsured motorist coverage, however, differs in character and purpose from UIM coverage. *See id.* at 179, 361 N.W.2d at 684. *Welch*, therefore, does not support Peabody's contention that the UIM exclusion is invalid.

American Family contends that *Schwochert v. American Family Mut. Ins. Co.*, 139 Wis. 2d 335, 407 N.W.2d 525 (1987), *aff'd*, 172 Wis. 2d 628, 494 N.W.2d 201 (1993), governs this case. In *Schwochert,* the court held that an "own other car" exclusion was valid and refused to extend the UIM benefits of a non-accident vehicle to the accident vehicle owned by the same parties but not including UIM coverage. Peabody argues that *Schwochert* is not controlling because her injuries were not sustained in an owned vehicle of the same household. We do not agree.

We conclude that the facts of the case at hand are sufficiently similar to apply the reasoning and holding of the *Schwochert* court. Although Peabody was not injured in her own car which did not include UIM cov-

353

erage as the Schwocherts did, she nevertheless is seeking to tap the UIM benefits of her father's policy on a non-accident vehicle, which policy contained an exclusion of resident relatives who own their own cars from UIM benefits. Peabody owned her own vehicle, insured it with an independent policy, and rejected UIM coverage. We conclude that Richmond's UIM coverage does not apply to Peabody's injuries sustained in an underinsured vehicle, because the endorsement for UIM coverage was written on another vehicle and specifically excluded coverage for damages incurred by resident relatives who owned their own vehicles. Furthermore, application of the exclusion comports with the public policy that resident relatives should obtain independent policies to guard against the situation where a single insurance policy covers multiple owners because of their resident relative status, and to protect insurance companies from being held responsible for risks for which they did not contract or receive compensation.

In summary, we conclude that the clear and unambiguous language of the insurance policy and the UIM endorsement exclude resident relatives who own their own cars from receiving UIM benefits. Furthermore, we hold that the exclusion is supported by Wisconsin law and public policy. We therefore reverse the trial court's order.

*By the Court.*—Order reversed.