PROGRESSIVE NORTHERN INSURANCE COMPANY,
Plaintiff-Appellant,†

v.

Edward HALL, Defendant,

GENERAL CASUALTY COMPANY OF WISCONSIN,
Defendant-Respondent.

Court of Appeals

*No. 04–0688. Oral argument December 7, 2004.—Decided
December 21, 2004.*

2005 WI App 17

(Also reported in 692 N.W.2d 355.)

† Petition to review granted 5-11-2005.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Rick E. Hills, Cori Lynn Prahl* and *Michelle M. Stoeck* of *Hills Legal Group, Ltd.*, of Waukesha. There was oral argument by *Rick E. Hills*.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Jacqueline E. Frakes* of *Eiche & Frakes, S.C.*, of Milwaukee. There was oral argument by *Stuart B. Eiche*.

Before Fine, Curley and Kessler, JJ.

¶ 1. KESSLER, J. Progressive Northern Insurance Company appeals from a judgment dismissing its declaratory judgment action. The issue before the trial court, and here, is whether the Wisconsin Statutes permit Progressive to provide uninsured motorist coverage that is primary coverage to its named insured but is excess coverage to an occupancy insured. The answer will determine whether Progressive or General Casualty Company of Wisconsin must pay the first $100,000 of damages for an injured passenger, Edward Hall. The trial court concluded that Progressive's "other insurance" clause (purporting to provide only excess coverage for an occupant) was void because it violated WIS. STAT. § 632.32(3)(a) (2001–02).[1] We affirm.

## BACKGROUND

¶ 2. Edward Hall was a passenger in a vehicle driven by his brother, Richard Hall. The vehicle was involved in an accident with Angela Phillips, an uninsured driver. Edward sustained injuries in the accident.

¶ 3. At the time of the accident, Richard had a policy of insurance with Progressive. The Progressive policy provides uninsured motorist (UM) coverage limits of $100,000 per person. Progressive does not dispute that Edward, as a passenger in Richard's vehicle, is an insured under the Progressive policy as an occupant of Richard's insured vehicle. It is also undisputed that although Richard and Edward are brothers, Edward is not a "relative" as defined by the policy because he was not residing in Richard's household.

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

¶ 4. Edward had his own policy of insurance with General Casualty. The General Casualty policy provides UM coverage limits of $500,000 per person.

¶ 5. Both insurance companies agree that their policies provide UM coverage for Edward's injuries. However, they disagree about which policy has to pay the first $100,000. The dispute is solely between two insurance companies; Edward is no longer a party to the action.

¶ 6. At issue are two competing "other insurance" clauses. Edward's General Casualty policy contains an "other insurance" provision that describes General Casualty's coverage as "excess over any collectible insurance providing such coverage on a primary basis." Richard's Progressive's policy contains an "other insurance" provision that describes any insurance Progressive provides as "excess over any other uninsured or underinsured motorist coverage, except for bodily injury to you or a relative when occupying a covered vehicle." Thus, Progressive contends its policy provides primary uninsured motorist benefits for Richard, but provides only excess benefits for his passenger, Edward.

¶ 7. At the trial court, General Casualty acknowledged that if the language of the two "other insurance" clauses is given full effect, then Progressive's coverage is excess to General Casualty's coverage. However, General Casualty asserted that Progressive's clause is void because it violates Wis. Stat. § 632.32(3)(a) by providing different UM coverage for passengers than it provides for primary insureds. The trial court concluded that Progressive's "other insurance" clause is void, thereby eliminating the basis for Progressive's argument that its UM insurance is excess to General Casualty's, and requiring Progressive to pay the first $100,000 of Edward's damages. This appeal followed.

502

## DISCUSSION

¶ 8. The grant or denial of a declaratory judgment is addressed to the trial court's discretion. *Gulmire v. St. Paul Fire & Marine Ins. Co.*, 2004 WI App 18, ¶ 10, 269 Wis. 2d 501, 674 N.W.2d 629. However, when the exercise of such discretion turns upon a question of law, we review the question *de novo,* benefiting from the trial court's analysis. *Id.* Here, the issue turns upon the construction of Wisconsin's omnibus statute governing automobile insurance, WIS. STAT. § 632.32, and the interpretation of two insurance contracts. These are also questions of law that we review independently. *See Folkman v. Quamme*, 2003 WI 116, ¶ 12, 264 Wis. 2d 617, 665 N.W.2d 857 (insurance contracts); *Van Erden v. Sobczak*, 2004 WI App 40, ¶ 11, 271 Wis. 2d 163, 677 N.W.2d 718 (statutory interpretation).

¶ 9. At the trial court, General Casualty successfully argued that Progressive's "other insurance" clause is void because it violates WIS. STAT. § 632.32(3)(a). That statute provides:

> **(3)** REQUIRED PROVISIONS. Except as provided in sub. (5), every policy subject to this section issued to an owner shall provide that:

> (a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.

¶ 10. General Casualty maintains that WIS. STAT. § 632.32(3)(a) applies to UM coverage, and that Progressive's "other insurance" clause violates this statute by providing that the policy's UM coverage is excess insurance for non-relative occupants, as opposed to

primary insurance, which is provided to insureds and relatives occupying the vehicle. If General Casualty is correct, then Progressive's "other insurance" clause is void and unenforceable. *See Nicholson v. Home Ins. Cos.*, 137 Wis. 2d 581, 605, 405 N.W.2d 327 (1987) (policy provisions effectively reducing coverage required by statute are void and unenforceable), *superceded by statute on other grounds as stated in Blazekovic v. City of Milwaukee*, 2000 WI 41, ¶¶ 19, 20, 234 Wis. 2d 587, 610 N.W.2d 467.

¶ 11. Progressive argues first that WIS. STAT. § 632.32(3)(a) applies only to liability insurance, as opposed to indemnity insurance like UM coverage. *See Mau v. North Dakota Ins. Reserve Fund*, 2001 WI 134, ¶ 30 n.13, 248 Wis. 2d 1031, 637 N.W.2d 45 (UM and underinsured motorist (UIM) coverage provide indemnity coverage). In the alternative, Progressive contends that even if § 632.32(3)(a) applies to UM coverage, Progressive is not prohibited from providing UM coverage to an occupancy insured on an excess basis. We examine these arguments in turn.

## I. Application of WIS. STAT. § 632.32(3)(a) to UM coverage

¶ 12. Progressive argues that WIS. STAT. § 632.32(3)(a) applies only to liability coverage. It notes that § 632.32(1) specifically indicates that the omnibus statute applies to liability insurance. Section 632.32(1) provides:

**Provisions of motor vehicle insurance policies.**

**(1)** SCOPE. Except as otherwise provided, this section applies to every policy of insurance issued or delivered in this state against the insured's liability for loss or damage resulting from accident caused by any motor vehicle, whether the loss or damage is to property or to a person.

Progressive also points to two cases that it claims support its opinion that § 632.32(3)(a) does not apply to UM or UIM coverage. *See Martin v. Milwaukee Mut. Ins. Co.*, 146 Wis. 2d 759, 770, 433 N.W.2d 1 (1988); *American Hardware Mut. Ins. Co. v. Steberger*, 187 Wis. 2d 682, 684–85, 523 N.W.2d 187 (Ct. App. 1994).

¶ 13. In response, General Casualty argues that *Martin* did not reach such a holding, and that *American Hardware* can be distinguished. We need not resolve the parties' competing interpretations of these cases because, in a subsequent case, our supreme court clarified the issue. In *Mau*, the court considered whether a UIM policy can define a named insured by requiring occupancy of a specific vehicle. 248 Wis. 2d 1031, ¶ 12. The court stated:

> To determine the validity of the occupancy requirement for underinsured motorist coverage, we look to [Wis. Stat. §] 632.32, which, except as otherwise provided, applies to all motor vehicle insurance policies issued or delivered in Wisconsin. Some earlier cases suggest that certain provisions of § 632.32 apply only to liability policies, not indemnity insurance. *See Martin v. Milwaukee Mut. Ins. Co.*, 146 Wis. 2d 759, 770, 433 N.W.2d 1 (1988). However, the plain language of several subsections in § 632.32 demonstrate the applicability of those sections to indemnity insurance. Furthermore, this court has applied § 632.32 to indemnity insurance.

*Id.*, ¶ 30 (citations, statutory references and footnote omitted). We conclude that *Mau* is controlling and that consistent with *Mau*, § 632.32(3)(a) applies to UM coverage.

¶ 14. Progressive disagrees with this interpretation of *Mau*. It argues that when *Mau* states "the plain language of several subsections in [Wis. Stat.] § 632.32 demonstrate the applicability of those sections to indem-

nity insurance[,]" *Mau*, 248 Wis. 2d 1031, ¶ 30, the court was recognizing specific provisions of § 632.32 that apply to indemnity insurance, and did not include § 632.32(3)(a) in that list. Therefore, Progressive contends, *Mau*'s "exclusion of the very subsection of the statute which General Casualty now asserts applies to indemnity insurance, is a recognition of the ruling in [*Martin*]." We are not persuaded. *Mau* states that "earlier cases suggest that certain provisions of § 632.32 apply only to liability policies, not indemnity insurance" and then goes on to list case law and statutory references that refute that suggestion. *Mau*, 248 Wis. 2d 1031, ¶ 30. We do not read *Mau*'s listing of cases and statutes as an exhaustive list of instances when § 632.32 applies to indemnity coverage, but rather as examples supporting the proposition that the omnibus statute applies to both liability and indemnity insurance.

¶ 15. Therefore, we conclude that WIS. STAT. § 632.32(3)(a) applies to UM coverage. However, that does not end our inquiry, because Progressive argues that even if the statute applies, its "other insurance" clause is nonetheless permitted under the statute.

## II. Effect of WIS. STAT. § 632.32(3)(a) on Progressive's "other insurance" clause

¶ 16. Progressive relies on WIS. STAT. § 632.32(5)(e) in support of its assertion that it is not prohibited from providing different UM coverage to an occupancy insured than it would to its own named insured. Progressive notes that § 632.32(3)(a) recognizes that § 632.32(5) may provide exceptions to the applicability of § 632.32(3)(a) when it states "[e]xcept as provided in sub. (5)." Progressive argues that one of the provisions of § 632.32(5), § 632.32(5)(e), provides the

authority for Progressive to offer only excess UM coverage to non-relative occupants. Section 632.32(5)(e) provides:

> A policy may provide for exclusions not prohibited by sub. (6) or other applicable law. Such exclusions are effective even if incidentally to their main purpose they exclude persons, uses or coverages that could not be directly excluded under sub. (6) (b).

Relying on this statute, Progressive reasons: "Here, the legislature clearly and unambiguously expressed its intent . . . to allow insurance companies to provide exclusions not otherwise prohibited by law."

¶ 17. Progressive's reasoning is unpersuasive. Although Wis. Stat. § 632.32(5)(e) authorizes "exclusions not prohibited by [§ 632.32(6)] or other applicable law," § 632.32(5)(e) does not provide Progressive the relief it seeks. Providing different levels of UM coverage for non-relative occupants is prohibited by § 632.32(3)(a); nothing in § 632.32(5)(e) alters that prohibition.

█

¶ 18. Therefore, Progressive's "other insurance" clause, which fails to provide insurance coverage that "applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy," *see* Wis. Stat. § 632.32(3)(a), is void and unenforceable, *see Nicholson*, 137 Wis. 2d at 605. As a result, Progressive will have to pay the first $100,000 in damages.

*By the Court.*—Judgment affirmed.