PROGRESSIVE NORTHERN INSURANCE COMPANY,
Plaintiff-Appellant-Petitioner,

v.

Edward HALL,
Defendant,

GENERAL CASUALTY COMPANY OF WISCONSIN,
Defendant-Respondent.

Supreme Court

*No. 2004AP688. Oral argument December 1, 2005.
—Decided February 7, 2006.*

2006 WI 13

(Also reported in 709 N.W.2d 46.)

For the plaintiff-appellant-petitioner there were briefs by *Rick E. Hills, Michelle M. Stoeck,* and *Hills Legal Group, Ltd.,* Waukesha, and oral argument by *Rick E. Hills.*

For the defendant-respondent there was a brief by *Stuart B. Eiche* and *Eiche & Frakes, S.C.,* Milwaukee, and oral argument by *Stuart B. Eiche.*

¶ 1. ANN WALSH BRADLEY, J. The petitioner, Progressive Northern Insurance Company, seeks review of a court of appeals' decision affirming the circuit court's judgment dismissing Progressive's action for a declaratory judgment against General Casualty Company of Wisconsin.[1] The insurance companies dispute which of them is primary, that is, which is liable to pay the first $100,000 under the uninsured motorist coverage set forth in their respective policies. The issue before us is whether Progressive's "other insurance" clause, which provides that uninsured motorist coverage is primary for a named insured but excess for certain occupancy insureds, violates Wis. Stat. § 632.32(3)(a) (2003–04).[2]

¶ 2. Initially, we determine that § 632.32(3)(a) applies to uninsured motorist coverage. Because Progressive cannot save the other insurance clause by casting it as an "exclusion" under subsection (5)(e) of the statute and because Progressive's policy fails to provide uninsured motorist coverage for an occupancy insured in the same manner as the named insured, we further determine that the clause violates § 632.32(3)(a). Accordingly, we affirm the court of appeals.

I

¶ 3. The relevant facts are not in dispute. Edward Hall was a passenger in a vehicle operated by his

---

[1] *See Progressive N. Ins. Co. v. Hall,* 2005 WI App 17, 278 Wis. 2d 499, 692 N.W.2d 355 (affirming a judgment of the circuit court for Milwaukee County, Clare L. Fiorenza, Judge).

[2] All subsequent references to the Wisconsin Statutes are to the 2003–04 version unless otherwise indicated.

brother, Richard Hall. They were involved in an accident with another vehicle operated by an uninsured driver. Edward sustained injuries as a result of the accident.

¶ 4. Edward was insured under a policy issued by General Casualty, and Richard was insured under a policy issued by Progressive. Each policy provided uninsured motorist coverage potentially applicable to Edward. In addition, each policy also contained an "other insurance" clause describing when uninsured motorist coverage would be primary and when it would be excess.

¶ 5. The "other insurance" clause in the General Casualty policy stated that "[a]ny insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing such coverage on a primary basis." The "other insurance" clause in the Progressive policy stated that "[a]ny insurance we provide shall be excess over any other uninsured or underinsured motorist coverage, *except for bodily injury to you or a relative when occupying a covered vehicle.*" (Emphasis added.) Although Edward and Richard are brothers, Edward was not a "relative" under Richard's policy with Progressive because Edward did not reside in Richard's household.

¶ 6. Progressive filed a declaratory judgment action against Edward and General Casualty, seeking a determination that General Casualty was obligated to provide uninsured motorist coverage to Edward on a primary basis. General Casualty countered that Progressive's "other insurance" clause was unenforceable under § 632.32 because it provided primary coverage for a named insured and driver while providing only excess coverage for a passenger. The circuit court

agreed with General Casualty, as did the court of appeals. Progressive petitioned for review.

## II

¶ 7. The parties agree that Edward is potentially entitled to uninsured motorist coverage under both policies. They also agree that if the language of both policies is given full effect, then Progressive's coverage is excess to General Casualty's. The parties disagree, however, on the validity of Progressive's "other insurance" clause under § 632.32.

¶ 8. The policy limits for uninsured motorist coverage under the Progressive policy are $100,000. Under the General Casualty policy, the limits for uninsured motorist coverage are $500,000. Thus, the dispute is over who pays the first $100,000 in coverage for Edward.

¶ 9. The issue we must address is whether Progressive's "other insurance" clause, which provides that uninsured motorist coverage is primary for a named insured but excess for certain occupancy insureds, violates § 632.32(3)(a). This issue requires that we interpret and apply statutory provisions to undisputed facts and that we interpret an insurance policy. These are questions of law subject to independent appellate review. *Beerbohm v. State Farm Mut. Auto. Ins. Co.*, 2000 WI App 105, ¶ 8, 235 Wis. 2d 182, 612 N.W.2d 338.

¶ 10. We initially determine that § 632.32(3)(a) applies to uninsured motorist coverage. In addition, we determine that Progressive's "other insurance" clause violates § 632.32(3)(a) because it fails to provide that occupancy insureds are covered in the same manner as

287

the named insured and because Progressive cannot cast its other insurance clause as an "exclusion" under subsection (5)(e) of the statute in order to save the clause from the requirements of subsection (3)(a).

## III

¶ 11. We begin with the language of § 632.32(3)(a). It provides:

> (3) Required provisions. Except as provided in sub. (5), every policy subject to this section issued to an owner shall provide that:
>
> (a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.

"Using," in turn, includes "riding in" a vehicle under § 632.32(2)(c). For purposes of § 632.32(3)(a), Edward was therefore "using" Richard's vehicle when he was riding in it at the time of the accident.

¶ 12. We first address whether the requirements of § 632.32(3)(a) extend to uninsured motorist coverage. Progressive argues that they do not because uninsured motorist coverage is indemnity insurance, not liability insurance, and because § 632.32 does not apply to indemnity insurance. In support of its argument, Progressive cites the following language in § 632.32(1), which delineates the scope of § 632.32's applicability:

> Except as otherwise provided, this section applies to every policy of insurance issued or delivered in this state *against the insured's liability* for loss or damage resulting from accident caused by any motor vehicle . . . .

(Emphasis added.)

288

¶ 13. We determine that the question of whether § 632.32(3)(a) applies to uninsured motorist coverage does not turn on whether such coverage is categorized as liability insurance or indemnity insurance.

¶ 14. Every policy of insurance insuring against liability under § 632.32 must include uninsured motorist coverage "therein or supplemental thereto" pursuant to § 632.32(4). Thus, § 632.32(4) mandates that "every policy of insurance issued or delivered in this state against the insured's liability for loss or damage resulting from accident caused by any motor vehicle" must include uninsured motorist coverage. Section 632.32(1); *see also Blazekovic v. City of Milwaukee*, 2004 WI 41, ¶ 10, 234 Wis. 2d 587, 610 N.W.2d 467 ("Wisconsin Stat. § 632.32(4)(a) mandates that every policy of automobile insurance issued in the state include uninsured motorist coverage.").

■

¶ 15. In other words, every policy insuring against liability under § 632.32 must include uninsured motorist coverage. Section 632.32(3)(a) plainly applies to every policy subject to § 632.32. Thus, we conclude that § 632.32(3)(a) applies to uninsured motorist coverage, regardless of whether such coverage is categorized as liability or indemnity insurance.

¶ 16. Progressive relies on *Martin v. Milwaukee Mutual Insurance Co.*, 146 Wis. 2d 759, 433 N.W.2d 1 (1988), in arguing that § 632.32(3)(a) cannot apply to uninsured motorist coverage. We determine, however, that *Martin* is not controlling.

¶ 17. In *Martin*, this court briefly discussed § 632.32(3)(a) in addressing whether an occupancy insured in a vehicle involved in an accident may benefit

from uninsured motorist coverage carried by the named insured on another vehicle not involved in the accident. *Martin,* 146 Wis. 2d at 766, 770–71. The court in *Martin* questioned the applicability of § 632.32(3)(a) to indemnity insurance, and it characterized uninsured motorist coverage as indemnity insurance. *Id.* at 770. However, the court did not definitively determine whether § 632.32(3)(a) may apply to uninsured motorist coverage. Rather, the court said:

> Section 632.32(3)(a), Stats., has been primarily interpreted as dealing with *liability* insurance rather than indemnity insurance such as uninsured motorist coverage. Even if sec. 632.32(3)(a), Stats., did apply to indemnity insurance, it . . . would not apply in this case. The policy of an involved auto is applied to both the driver and occupant. Both are able to recover under that uninsured motorist provision. The uninvolved auto's policy, however, is not subject to the statute because the Martins are not covered by it; not being occupants they were not occupancy insureds. The statutes do not state that "occupancy insureds are entitled to all applicable insurance protection the named insured has procured for himself."

*Id.* at 770–71 (citations omitted).

¶ 18. Thus, the court in *Martin* observed that § 632.32(3)(a) had been "primarily" interpreted as dealing with liability insurance rather than indemnity insurance but avoided deciding whether § 632.32(3)(a) applied to uninsured motorist coverage in general. Instead, the court reasoned that § 632.32(3)(a) did not apply to the extent that the occupancy insured was not "using" another vehicle that was not involved in the accident. The court concluded that an occupancy insured in a vehicle involved in an accident could not benefit from uninsured motorist coverage carried by

the named insured on another vehicle. Neither the *Martin* court's conclusion nor its reasoning precludes us from determining that § 632.32(3)(a) applies to uninsured motorist coverage.

¶ 19. In support of its position, Progressive also cites to the court of appeals' decisions in *American Hardware Mut. Ins. Co. v. Steberger,* 187 Wis. 2d 682, 523 N.W.2d 187 (Ct. App. 1994), and *Peabody v. American Family Mut. Ins. Co.,* 220 Wis. 2d 340, 582 N.W.2d 753 (Ct. App. 1998). In *American Hardware,* the court of appeals relied primarily on *Martin* in determining that, despite § 632.32(3)(a), an insurance policy could provide underinsured motorist coverage that was higher for specifically named insureds than for a permissive user. *American Hardware,* 187 Wis. 2d at 683, 686–86. In *Peabody,* the court of appeals rejected the application of § 632.32(6)(b)1. to underinsured motorist coverage, suggesting that § 632.32 applies only to liability policies. *Peabody,* 220 Wis. 2d at 350–51.

¶ 20. Both *American Hardware* and *Peabody* involved *under*insured motorist coverage. Those cases do not necessarily dictate the applicability of § 632.32(3)(a) to *un*insured motorist coverage, which is required in every insurance policy subject to § 632.32.

¶ 21. In any event, subsequent to both *American Hardware* and *Peabody,* this court determined that it is appropriate to apply provisions of § 632.32 to *under*insured motorist coverage, at least when that coverage is part of a liability policy. *Mau v. North Dakota Ins. Reserve Fund,* 2001 WI 134, ¶ 30 & n.13, 248 Wis. 2d 1031, 637 N.W.2d 45. In *Mau,* making specific reference to *Martin* and *Peabody,* the court called into question the vitality of earlier cases which suggested that certain provisions of § 632.32 apply only to liability policies. *Id.,* ¶ 30.

¶ 22. In a footnote, the court in *Mau* further suggested that any distinction between liability coverage and indemnity coverage does not matter for purposes of § 632.32 when underinsured motorist coverage is issued as part of a policy containing liability insurance:

> Liability coverage "requires the insurer to shield the insured from making payment on a claim for which the insured is liable." *Blazekovic v. City of Milwaukee,* 2004 WI 41, ¶ 38, 234 Wis. 2d 587, 610 N.W.2d 467. "In contrast, uninsured motorist coverage [indemnity coverage] seeks to compensate the insured after the insured has sustained an actual loss." *Id.* Similar to uninsured motorist coverage, underinsured motorist coverage is indemnity coverage.
>
> Here the distinction between liability and indemnity coverage does not change our conclusion as to the applicability of Wis. Stat. § 632.32. The excess policy falls within the scope of § 632.32 because it is a liability policy. Mau was covered under the excess policy because he bought the IEP Option. According to the rental jacket, "EP [Extended Protection] provides both LIS [Liability Insurance Supplement] and UM protection." The excess policy, therefore, is a liability policy with uninsured and underinsured motorist coverage.

*Mau,* 248 Wis. 2d 1031, ¶ 30 n.13.

¶ 23. The court's determinations in *Mau* are consistent with our determination today that § 632.32(3)(a) applies to *un*insured motorist coverage in an automobile insurance policy issued in this state, regardless of whether uninsured motorist coverage is categorized as indemnity insurance or liability insurance. This is because, as we have explained, in Wisconsin every policy

insuring against liability under § 632.32 must include uninsured motorist coverage.[3]

¶ 24. Having determined that § 632.32(3)(a) applies to uninsured motorist coverage, we turn to the statute's qualifying language. Section 632.32(3)(a) imposes certain requirements on every policy subject to § 632.32 "[e]xcept as provided in sub. (5)."

¶ 25. Progressive asserts that, even if § 632.32(3)(a) applies to uninsured motorist coverage, we must still ask whether the "other insurance" clause is permissible under subsection (5)(e) of the statute. Subsection (5)(e) states:

> A policy may provide for exclusions not prohibited by sub. (6) or other applicable law. Such exclusions are effective even if incidentally to their main purpose they exclude persons, uses or coverages that could not be directly excluded under sub. (6)(b).

---

[3] In its brief, General Casualty cautions against classifying uninsured motorist coverage as indemnity insurance. It notes that:

> Uninsured motorist coverage is typically termed "indemnity" insurance because, like fire and health insurance, it most often pays the person who pays for the policy. However, unlike other such "first party" insurance coverages, the insurer's obligation to pay uninsured motorist benefits depends on a liability comparison between the insured and a "third party," and the insurer often pays less than 100% of the insured's actual loss. In this respect, uninsured motorist coverage is not typical of "indemnity" insurance. While useful in some contexts, labeling insurance coverage as one type or another is a tricky proposition at best, and doing so as a primary basis for a published appellate court decision requires special caution.

We need not address this concern here because we determine that the applicability of Wis. Stat. § 632.32(3)(a) to uninsured motorist coverage does not turn on whether such coverage is categorized as liability insurance or indemnity insurance.

According to Progressive, its "other insurance" clause is permissible under § 632.32(5)(e).

¶ 26. We are not persuaded by Progressive's reliance on § 632.32(5)(e). In order for subsection (5)(e) to apply to a term in an insurance policy, there is a threshold question as to whether that term is an "exclusion." Here, we determine that Progressive cannot cast its "other insurance" clause as an "exclusion" under (5)(e) in order to save the clause from the requirements of subsection (3)(a) of the statute.

¶ 27. An "other insurance" clause generally does not have the same purpose as an "exclusion." The purpose of an "other insurance" clause is to define which coverage is primary and which coverage is excess between policies. Wis. Stat. § 631.43(1); *Remiszewski v. American Family Ins. Co.*, 2004 WI App 175, ¶ 29, 276 Wis. 2d 167, 687 N.W.2d 809 (citing § 631.43(1)). " 'Other insurance' clauses govern the relationship between insurers, they do not affect the right of the insured to recover under each concurrent policy." 15 *Couch on Insurance*, § 219.1, at 219–8 (3d ed. 1999).

¶ 28. An exclusion, in contrast, determines whether a particular policy provides coverage at all. It is a provision that eliminates coverage under a particular policy where, were it not for the exclusion, coverage would have existed under that policy. *Bortz v. Merrimac Mut. Ins. Co.*, 92 Wis. 2d 865, 871, 286 N.W.2d 16 (Ct. App. 1979); *see also Stubbe v. Guidant Mut. Ins. Co.*, 2002 WI App 203, ¶ 13, 257 Wis. 2d 401, 651 N.W.2d 318.

¶ 29. Progressive apparently did not consider its "other insurance" clause to be an exclusion when it

drafted its policy. The "other insurance" clause is found in the section of the policy entitled "OTHER INSUR-ANCE," after the section called "LIMITS OF LIABIL-ITY" and before the section called "ARBITRATION." The policy has a separate section entitled "EXCLU-SIONS." That section of the policy includes several exclusions and explains to the insured, consistent with the law, that "IF AN EXCLUSION APPLIES, COVER-AGE WILL NOT BE AFFORDED . . . ."

¶ 30. Indeed, Progressive seems to be of two minds as to whether its "other insurance" clause is an exclusion, considering the clause to be an exclusion to the extent that it benefits Progressive and considering the clause to be something else to the extent that it does not. Although Progressive is plainly arguing that the clause is a permissible provision under § 632.32(5)(e), which refers to "exclusions," Progressive also explains at one point in its brief that "Edward Hall is not being *excluded* from coverage; rather he is being offered coverage on an excess rather than a primary basis." (Emphasis in original.)

¶ 31. We recognize, of course, that the label given to a term in an insurance policy is not necessarily controlling. For example, we have previously invali-dated a definitional provision of an insurance policy as an impermissible "exclusion" under § 632.32(5)(e) after determining that the purpose of the definition was to exclude coverage. *Mau,* 248 Wis. 2d 1031, ¶¶ 31–38.

¶ 32. The provisions of § 632.32 addressed both here and in *Mau* are remedial in nature and must be construed broadly to increase rather than to limit coverage. *See Greene v. General Cas. Co.,* 216 Wis. 2d 152, 161, 576 N.W.2d 56 (Ct. App. 1997). The court in *Mau* correctly recognized that an insurer should not be

able to avoid the protections that § 632.32(5)(e) provides to insureds by calling an exclusion something else.

¶ 33. Similarly, we determine that Progressive cannot use § 632.32(5)(e) to avoid the protections that both subsections (3)(a) and (5)(e) provide to insureds by attempting to cast its "other insurance" clause as an "exclusion" under subsection (5)(e). Stated another way, Progressive cannot cast its "other insurance" clause as an "exclusion" under subsection (5)(e) in order to save the clause from the requirements of subsection (3)(a).[4]

¶ 34. Having determined that Progressive cannot cast its "other insurance" clause as an "exclusion" under § 632.32(5)(e) in order to save the clause, we turn to examine what subsection (3)(a) requires. Subsection (3)(a) mandates that, except as provided in subsection (5), coverage provided to the named insured must apply "in the same manner and under the same provisions" to any person riding in any motor vehicle described in the policy. *See also, e.g., Smith v. National Indem. Co.,* 57 Wis. 2d 706, 713, 205 N.W.2d 365 (1973); *Carrell v. Wolken,* 173 Wis. 2d 426, 433–34, 496 N.W.2d 651 (Ct. App. 1992).

¶ 35. Contrary to what § 632.32(3)(a) requires, Progressive's "other insurance" clause operates so that Progressive's policy provides primary coverage for a named insured while providing only excess coverage for

_____

[4] We therefore need not reach the question of whether, even if Progressive's "other insurance" clause could be considered an "exclusion" under § 632.32(5)(e), the clause would still be "prohibited by sub. (6) or other applicable law." Section 632.32(5)(e). Likewise, we need not reach the question of whether "incidentally to [its] main purpose" the clause would "exclude persons, uses or coverages that could not be directly excluded under sub. (6)(b)." *Id.*

an occupancy insured who is not also a "relative" as defined in the policy. The clause states that "[a]ny insurance we provide shall be excess over any other uninsured or underinsured motorist coverage, except for bodily injury to you or a relative when occupying a covered vehicle." Thus, the policy does not provide uninsured motorist coverage for "any person using" a vehicle in the same manner as such coverage is provided for the named insured. Accordingly, we conclude that Progressive's "other insurance" clause violates § 632.32(3)(a).

¶ 36. As a final matter, we address the effect of our determination that Progressive's "other insurance" clause violates § 632.32(3)(a). The court of appeals concluded that the clause is "void and unenforceable" because it violates § 632.32(3)(a) and that, "[a]s a result, Progressive will have to pay the first $100,000 in damages."

¶ 37. Progressive asserts that the court of appeals' decision swept too broadly and that voiding the entire clause is not the proper remedy. We question whether the court of appeals' decision sweeps as broadly as Progressive suggests. To the extent it could be read so broadly, however, General Casualty acknowledges that the proper remedy here is not to nullify Progressive's entire "other insurance" clause. It notes that "[a]ny immaterial language in Progressive's 'other insurance' clause need not be 'invalidated.' "

¶ 38. We determine that the proper remedy here is to treat Progressive's policy as if Edward, the occupancy insured in this case, had the same coverage as Richard, the named insured. *See* Wis. Stat. § 631.15(3m) (insurance policy "that violates a statute or rule is enforceable against the insurer as if it conformed to the statute or rule"); *Brunson v. Ward,*

297

2001 WI 89, ¶ 14, 245 Wis. 2d 163, 629 N.W.2d 140. We therefore treat Progressive's policy in this case as if the uninsured motorist coverage is primary for Edward, just as it would have been for Richard. General Casualty's uninsured motorist coverage is excess in this case. Accordingly, we agree with the court of appeals that Progressive must pay the first $100,000 of any uninsured motorist coverage to which Edward is entitled.

## IV

¶ 39. In sum, we have determined that § 632.32(3)(a) applies to uninsured motorist coverage. In addition, because Progressive cannot save the other insurance clause by casting it as an "exclusion" under subsection (5)(e) of the statute and because Progressive's policy fails to provide uninsured motorist coverage for an occupancy insured in the same manner as the named insured, we determine that the clause violates § 632.32(3)(a). We therefore affirm the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.