James E. VIEAU, Plaintiff-Appellant,†

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY and
Acuity, a mutual insurance company,
Defendants-Respondents.

Court of Appeals

*No. 04–1358. Submitted on briefs December 13, 2004.—Decided
January 19, 2005.*

2005 WI App 34

(Also reported in 693 N.W.2d 127.)

† Petition to review granted 5-11-2005.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Robert J. Janssen* and *Christina L. Peterson* of *Stellpflug, Janssen, Hammer, Kirschling & Bartels, S.C.* of De Pere.

On behalf of the defendant-respondent, American Family Mutual Insurance Company, the cause was submitted on the brief of *Jonathan M. Menn* of *Menn, Teetaert & Beisenstein, Ltd.* of Appleton.

On behalf of the defendant-respondent, Acuity, the cause was submitted on the brief of *Robert L. McCracken* of *Nash, Spindler, Grimstad & McCracken, LLP* of Manitowoc.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. James Vieau appeals orders granting summary judgment to American Family Mutual Insurance Company and Acuity in this personal injury case. Vieau also appeals the judgment that the reducing clause in his Acuity policy applied, lowering the underinsured motorist (UIM) coverage from $50,000 to $25,000. Vieau argues that UIM coverage is available under his mother's American Family insurance policy because Wis. Stat. § 632.32(6)(b)1.[1] prohibits all policies that exclude "relatives" from coverage. He also claims, again based on § 632.32(6)(b)1., that coverage exists under the driver's Acuity policy because a

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

policy cannot define "underinsured motor vehicle" to exclude vehicles owned, furnished or made available "by you or a relative." Finally, Vieau asserts that Acuity cannot reduce the UIM coverage under his own policy by the amount paid by the driver's insurer because the reducing clause is contextually ambiguous. We disagree and affirm.

## Background

¶ 2. Vieau and Shane Kaczrowski were involved in a one vehicle accident that seriously injured Vieau, a passenger in the vehicle, leaving him with over $60,000 in medical bills. The accident occurred when Kaczrowski, who was driving his 1993 GMC truck, attempted to negotiate a curve; the truck crossed the center lane, traveled back into its own lane, slid into a ditch, struck an embankment, flew into the air, and then hit the ground and rolled several times.

¶ 3. Three insurance policies in force at the time of the accident might have provided coverage for Vieau's injuries. The first policy belonged to Vieau's mother who insured her Plymouth Acclaim with American Family. His mother's policy had UIM coverage for $100,000 per person and $300,000 per accident. The second was Kaczrowski's Acuity policy, which had bodily injury liability limits of $25,000 each person[2] and $50,000 each occurrence; this policy also had UIM coverage with limits of $50,000 each person and $100,000 each accident. The third was Vieau's policy with Acuity, insuring his Ford truck; that policy had UIM limits of $50,000 each person and $100,000 each accident.

---

[2] Acuity paid Vieau $25,000 based on bodily injury liability before this action began.

¶ 4. Vieau filed a complaint against American Family, Kaczrowski, Acuity and Manitowoc County, seeking UIM coverage and punitive damages from the carriers and Kaczrowski and subrogation on behalf of the county.[3] American Family moved for summary judgment, claiming Vieau's mother's policy did not provide UIM coverage to Vieau because he owned his own vehicle. Acuity requested summary judgment as well, arguing that Kaczrowski's policy did not provide coverage because Kaczrowski's vehicle was not an "underinsured vehicle" under policy terms. Acuity also claimed that the reducing clause in Vieau's own policy lowered his UIM coverage from $50,000 to $25,000—based on the bodily injury liability payments Vieau had received under Kaczrowski's policy. In March 2004, the circuit court granted summary judgment to Acuity and American Family. Vieau now appeals.

### Discussion

■■■■■

¶ 5. We review grants of summary judgment applying the same methodology as the circuit court. *Fox v. Catholic Knights Ins. Soc'y*, 2003 WI 87, ¶ 17, 263 Wis. 2d 207, 665 N.W.2d 181. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). Because none of the parties argues there are material

---

[3] Vieau voluntarily dismissed the County from the action and stipulated with Acuity to a partial dismissal of his punitive damages claim; all parties then stipulated to the dismissal of Kaczrowski personally.

issues of fact, and we perceive none, we restrict our inquiry to whether American Family and Acuity were entitled to judgment as a matter of law.

¶ 6. The interpretation of an insurance contract is a matter of law this court reviews de novo. *Folkman v. Quamme*, 2003 WI 116, ¶ 12, 264 Wis. 2d 617, 665 N.W.2d 857. We construe insurance policies to give effect to the parties' intent. *Id.* If the language of a policy is clear, we enforce it as written, without turning to rules of construction or case law. *Id.*, ¶ 13. Words and phrases in an insurance policy are ambiguous if they are so imprecise or elastic as to preclude any certain interpretation or if they are susceptible to more than one reasonable interpretation. *Frost v. Whitbeck*, 2002 WI 129, ¶ 18, 257 Wis. 2d 80, 654 N.W.2d 225. Policy terms may be inherently ambiguous or may become ambiguous in the context of the insurance policy as a whole. *Id.* When we read ambiguous terms in an insurance policy, we construe them in favor of the insured, while exclusions are narrowly construed against the insurer. *Id.*, ¶ 19.

*Is American Family's Resident
Relative Exclusion Permissible?*

¶ 7. Vieau argues that the omnibus insurance statute applies to indemnity as well as liability insurance and no UIM policy "may exclude from the coverage afforded or benefits provided ... Persons related by blood, marriage or adoption to the insured." WIS. STAT. § 632.32(6)(b)1.; *see Mau v. North Dakota Ins. Reserve Fund*, 2001 WI 134, ¶ 30, 248 Wis. 2d 1031, 637 N.W.2d 45. Vieau thus concludes that American Family is

690

prohibited from defining relative as "a person living in your household, related to you by blood marriage or adoption" who does not own "a motor vehicle other than an off-road vehicle" because that definition denies coverage to Vieau under his mother's policy. We disagree.

¶ 8. This court has said that WIS. STAT. § 632.32(6)(b)1. of the omnibus insurance statute prohibits relative exclusions in liability policies, but does not apply to indemnity coverage such as UIM. *See Peabody v. American Fam. Mut. Ins. Co.*, 220 Wis. 2d 340, 351, 354, 582 N.W.2d 753 (Ct. App. 1998). Vieau contends that *Peabody* is no longer good law because the supreme court has since decided that § 632.32 applies to "all motor vehicle insurance policies issued or delivered in Wisconsin." *Mau*, 248 Wis. 2d 1031, ¶ 30. We are not persuaded that *Mau* goes so far—although we are aware that a recent decision of this court, recommended for publication, appears to silently overrule *Peabody*.[4]

¶ 9. *Mau* refers to *Peabody*'s conclusions—"[s]ome earlier cases suggest that certain provisions of [WIS. STAT.] § 632.32 apply only to liability policies, not indemnity insurance"—without comment. *Mau*, 248 Wis. 2d 1031, ¶ 30. *Mau* then identifies several subsections of § 632.32[5] whose plain language demonstrates that

---

[4] *Progressive No. Ins. Co. v. Hall*, No. 04–0688, unpublished slip op. ¶ 14 (WI App. Dec. 21, 2004) (Without reference to *Peabody*, the court concludes: "[w]e . . . read *Mau*'s listing of cases and statutes . . . as examples supporting the proposition that the omnibus statute applies to both liability and indemnity insurance.").

[5] The court points specifically to WIS. STAT. §§ 632.32(4), (4)(m), (5)(g), (5)(i) and (5)(j). It also notes that it has applied WIS. STAT. §§ 632.32(4), (4m)(d),(5)(j), and (6) to indemnity insurance.

691

they apply to indemnity insurance as well.[6] *Id.* Vieau thus cites dicta indicating, at most, that *Peabody's* language swept more broadly than its conclusion required.[7] *Mau*, 248 Wis. 2d 1031, ¶ 30. One year after it decided *Mau*, the supreme court carefully compared a resident-relative exclusion to the own-vehicle relative exclusion in *Peabody* before concluding *Peabody* did not help determine whether "relative" unambiguously includes all persons related by blood. *Frost*, 257 Wis. 2d 80, ¶ 28. But *Frost* did not say *Peabody* was "inapposite" because it was no longer good law, and it seems unlikely the court would have spent time analyzing a decision it had already overturned. Thus, if we assume that *Peabody* is still applicable, the omnibus statute would not require coverage.

¶ 10. We need not directly address that issue, however, because even if Vieau is correct and *Mau* requires that all or part of Wis. Stat. § 632.32 be applied to indemnity insurance, it does not dispose of the question of whether the exclusion at issue here is permissible. To answer that question, we must read subsec. 632.32(5), Permissible Provisions, and subsec. 632.32(6), Prohibited Provisions, together. Under sub-

---

[6] *Mau* never explicitly states that Wis. Stat. § 632.32 as a whole applies to all indemnity policies perhaps because the clause at issue there, an excess policy with both UM and UIM coverage, was liability coverage not indemnity coverage. *See Mau v. North Dakota Ins. Reserve Fund*, 2001 WI 134, ¶ 30, 248 Wis. 2d 1031, 637 N.W.2d 45.

[7] The fact that the supreme court declined to review *Peabody v. American Fam. Mut. Ins. Co.*, 220 Wis. 2d 340, 582 N.W.2d 753 (Ct. App. 1998), is not, despite American Family's arguments, relevant to the question of whether *Mau* reversed the court of appeals' decision.

sec. 632.32(5)(e), "[a] policy may provide for exclusions not prohibited by sub. (6) or by applicable law. Such exclusions are effective even if incidentally to their main purpose they exclude persons, uses or coverages that could not be directly excluded under sub. (6)(b)." Subsection 632.32(6)(b)1. prohibits policies that exclude "[p]ersons related by blood, marriage or adoption to the insured" from benefits or coverage. Together, these subsections indicate that exclusion could deny benefits or coverage to someone related to the insured and still be permitted as long as that denial was an incidental effect of a permissible main purpose.

¶ 11. That was the situation in *Peabody* and that is the situation here. American Family defines "relative" to exclude resident blood relations who own their own cars. The purpose of this exclusion is not to deny coverage or benefits to relatives, but to prevent car owners who either reject UIM coverage or who have independent policies from getting coverage they have not paid for simply because of their resident relative status. *See Peabody*, 220 Wis. 2d at 354. That goal is not prohibited; indeed, it supports the public policy of protecting insurance companies from being held responsible for risks for which they have neither contracted nor been compensated. *See id.*

### Is Acuity's Definition of an Underinsured Vehicle Permissible?

¶ 12. Kaczrowski's Acuity policy provides UIM coverage for "bodily injury an insured person is legally entitled to recover from the owner or operator of an underinsured vehicle." Vieau argues, and Acuity does not deny, that he meets the policy's definition of an insured person because he occupied Kaczrowski's in-

693

sured vehicle. Vieau also argues that Kaczrowski's vehicle was "underinsured" because Kaczrowski's liability policy is less than the limits of liability for UIM coverage.[8] However, the policy further limits the meaning of an "underinsured vehicle" by excluding any vehicle "owned by, furnished to, or available for regular use by you or a relative" with "you" defined as the named insured—in this case, Kaczrowski. To the extent that this definition of "underinsured vehicle" has the potential effect of limiting coverage based on relative status, it is, Vieau contends, impermissible under WIS. STAT. § 632.32(6)(b)1. We disagree.

¶ 13. Even if *Peabody* has been silently overruled, *Mau* is not dispositive because it focuses on WIS. STAT. § 632.32(6)(b)2.a, prohibiting exclusions for the "named insured" and passengers in or on "the insured vehicle," rather than the section Vieau relies on.[9] Once again the question is whether, under §§ 632.32(6)(b)1. and 632.32(5)(e), the exclusion is intended to deny coverage or benefits to persons related to the insured or whether that denial is a side effect of a permissible purpose. We

---

[8] The bodily injury liability limits are $25,000 per person and $50,000 per occurrence. Acuity thus defines "underinsured motor vehicle" by comparing the tortfeasor's limits of liability to the insured's limits of UIM coverage, marking the policy as one designed to "put the insured in the same position as he [or she] would have occupied had the tortfeasor's liability limits been the same as the underinsured motorist limits purchased by the insured." *See, e.g., Badger Mut. Ins. Co. v. Schmitz*, 2002 WI 98, ¶ 18, 255 Wis. 2d 61, 647 N.W.2d 223.

[9] Vieau does not claim that the Acuity definition of "underinsured motor vehicle" impermissibly excludes a "passenger in or on the insured vehicle" under WIS. STAT. § 632.32(6)(b)2.a, so we do not address that issue here.

694

conclude that Acuity defines "underinsured motor vehicle" to exclude a vehicle owned by the named insured, not to limit the rights of relatives, but to prevent the insured from effectively raising liability coverage without paying a higher premium. Because that end is permissible, the exclusion is as well.

### *Is the Reducing Clause in Vieau's Acuity Policy Contextually Ambiguous?*

¶ 14. The declarations page of Vieau's Acuity policy states that the policy provides UIM coverage of $50,000 per person and $100,000 per accident. The policy also includes, under "Limits of Liability," a clause reducing UIM coverage by the "[a]mounts paid by or on behalf of any person or organization . . . legally responsible for the bodily injury for which the payment is made." According to Vieau, these provisions create "contextual ambiguity," obscuring the fact that Acuity will never actually pay the coverage limits announced on the declarations page.

¶ 15. The principle of contextual ambiguity is well established. *Folkman*, 264 Wis. 2d 617, ¶ 24. It is equally well established that reducing clauses may be ambiguous within the context of an insurance contract. *Id.* The test for contextual ambiguity is not subjective, requiring inquiry into an insured's actual understanding, but the familiar objective test of whether words or phrases in the policy, when read in the context of the policy's other language, are susceptible to more than one construction. *See i d.*, ¶ 29 n.13. To answer that question, we typically begin with the declarations page, because that is where the insured looks first, and then proceed to other substantive portions of the policy. *See id.*, ¶¶ 37, 39.

¶ 16. The declarations page of Vieau's policy is unambiguous. It clearly refers to UIM coverage and just as clearly states UIM coverage limits. *See, e.g., Badger Mut. Ins. Co. v. Schmitz*, 2002 WI 98, ¶ 62, 255 Wis. 2d 61, 647 N.W.2d 223 (a declarations page that did not refer to UIM coverage helped create contextual ambiguity). The policy is only twelve pages long and each section, including Part IV, "Underinsured Motorists," is identified with an informative caption. Part IV contains a subsection, "Limits of Liability," that includes the reducing clause Vieau complains of. The clause is marked, not buried in other provisions, and the language of paragraph 3.b, the applicable section of the reducing clause, is straightforward: "[t]he Underinsured Motorist limits will be reduced by . . . amounts paid by or on behalf of any person or organization that may be legally responsible for the bodily injury for which the payment is made." Finally, nothing in the "Underinsured Motorist" portion of the policy or in the endorsements appears to imply more than the policy delivers. *See Schmitz*, 255 Wis. 2d 61, ¶ 72.

¶ 17. Vieau asks us to find inconsistency in the fact that one provision identifies UIM coverage limits as the maximum that will be paid while another reduces coverage by prior payment. The supreme court has held, however, that what the insured buys with UIM coverage is a fixed level of recovery that will be arrived at by combining payments made from all sources. *See id.*, ¶ 38. Such coverage is neither illusory nor misleading if the policy makes that premise clear. *See id.* Vieau is thus attempting to refight a legal battle that has already been lost by arguing that the effect of an unambiguous reducing clause on clearly stated UIM coverage limits by itself produces contextual ambiguity.

*See, e.g., Bellile v. American Fam. Mut. Ins. Co.*, 2004 WI App 72, ¶ 23, 272 Wis. 2d 324, 679 N.W.2d 827 (Such provisions may conflict, "but they do not create ambiguity, let alone a sufficient degree of contextual ambiguity to engender objectively reasonable alternative meanings.").

*By the Court.*—Judgment and orders affirmed.