James E. VIEAU, Plaintiff-Appellant-Petitioner,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY and Acuity, a mutual insurance company, Defendants-Respondents.

Supreme Court

*No. 2004AP1358. Oral argument December 1, 2005.
—Decided April 19, 2006.*

2006 WI 31

(Also reported in 712 N.W.2d 661.)

553

For the plaintiff-appellant-petitioner, there were briefs by *Robert J. Janssen, Christina Peterson,* and *Stellpflug, Janssen, Hammer, Kirschling & Bartels, S.C.,* De Pere, and oral argument by *Robert J. Janssen.*

For the defendant-respondent *American Family Mutual Insurance Company,* there was a brief by *Robert N. Duimstra* and *Menn Law Firm, Ltd.,* Appleton, and oral argument by *Jonathan M. Menn.*

¶ 1. JON P. WILCOX, J.    The petitioner, James E. Vieau (Vieau), seeks review of a court of appeals decision affirming a summary judgment order of the Brown County Circuit Court, Donald R. Zuidmulder, Judge, in favor of American Family Mutual Insurance Company (American Family) in a personal injury action arising from a motor vehicle accident. *See Vieau v. Am. Family Mut. Ins. Co.,* 2005 WI App 34, 278 Wis. 2d 683, 693 N.W.2d 127. Vieau did not petition for review of the decision as it pertains to Acuity, a mutual insurance

company; therefore, this appeal is limited to the decision as it pertains to American Family.

¶ 2. We first determine that Wis. Stat. § 632.32(6)(b)1. (2003–04)[1] applies to underinsured motorist (UIM) coverage when issued as part of a policy containing liability insurance. We further conclude that American Family's "own-other-car" definitional exclusion is valid under Wis. Stat. § 632.32(5)(e) as Vieau is excluded from his mother's UIM coverage because he owns his own motor vehicle and not because he is related by blood to the named insured. Therefore, we affirm the court of appeals.

I

¶ 3.   The pertinent facts are set forth as follows. This case arises from an automobile accident that occurred on June 1, 2002. Vieau was a passenger in a truck owned and operated by Shane P. Kaczrowski (Kaczrowski). Vieau alleged in his complaint that Kaczrowski was driving the vehicle while intoxicated; Kaczrowski denied this allegation. While attempting to negotiate a curve in the roadway, the vehicle traveled off of the roadway and into a ditch. The truck then struck a driveway embankment and became airborne for approximately 93 feet before it struck the ground and rolled several times. Vieau suffered serious injuries as a result of the accident and claimed medical expenses in excess of $60,000.

¶ 4.   There were three policies in force at the time of the accident that might have provided coverage to Vieau. First, Vieau had a policy issued by Acuity, insuring his 1976 Ford pickup truck; this policy in-

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

cluded UIM coverage limits of $50,000 per person and $100,000 per accident. Second, Kaczrowski had a policy issued by Acuity with bodily injury limits of liability of $25,000 per person and $50,000 per occurrence; the policy also contained UIM coverage limits of $50,000 per person and $100,000 per accident. Third, Kathy Vieau had a policy issued by American Family for her 1993 Plymouth Acclaim that had UIM coverage limits of $100,000 per person and $300,000 per accident.

¶ 5. On April 17, 2003, Vieau filed a lawsuit for personal injuries against American Family, Kaczrowski, and Acuity[2] seeking UIM coverage from the insurance carriers and Kaczrowski. Manitowoc County was also named in the complaint but was later voluntarily dismissed.

¶ 6. Vieau recovered the $25,000 bodily injury liability insurance proceeds under Kaczrowski's Acuity policy, and he also recovered $25,000 of UIM insurance proceeds under his own policy.[3] However, he further alleged entitlement to UIM benefits under his mother's policy. In response to Vieau's claim, American Family moved for summary judgment declaring that Kathy Vieau's policy provided no UIM coverage to Vieau. American Family based its argument on the fact that Vieau was not a "relative" entitled to coverage because the policy's definition of "relative" did not include anyone who owned a motor vehicle.

---

[2] Our review solely concerns American Family and the policy it issued to Kathy Vieau. Therefore, Acuity's involvement in this case and the policies Acuity issued to Vieau and Kaczrowski will be discussed only as needed.

[3] Vieau's policy contains a reducing clause that reduced his UIM coverage from $50,000 to $25,000 by virtue of the $25,000 liability payment made by Acuity on behalf of Kaczrowski.

¶ 7. The policy's UIM endorsement defines an "insured person" as "[y]ou or a relative." A "relative," in turn, is defined throughout the policy as "a person living in your household, related to you by blood, marriage or adoption. . . . It does not include any person who, or whose spouse, owns a motor vehicle other than an off-road motor vehicle." It is undisputed that, at the time of the accident, Vieau lived with his parents, Robert and Kathy Vieau, and Vieau owned a motor vehicle.

¶ 8. After briefing and a hearing, the circuit court granted American Family's summary judgment motion in an order filed April 7, 2004, and Vieau's claims against American Family were dismissed. The court determined that Kathy Vieau's policy provided no UIM coverage for the claims of Vieau.

¶ 9. Vieau appealed, and the court of appeals affirmed. The court first recognized the uncertainty in the case law as to whether Wis. Stat. § 632.32(6)(b)1. applies to indemnity coverage. However, the court assumed for the sake of argument the provisions of § 632.32 did apply to indemnity insurance, and it instead based its holding on § 632.32(5)(e), which states: "[a] policy may provide for exclusions not prohibited by sub. (6) or other applicable law. Such exclusions are effective even if incidentally to their main purpose they exclude persons, uses or coverages that could not be directly excluded under sub. (6)(b)." Comparing the situation to *Peabody v. American Family Mutual Insurance Co.*, 220 Wis. 2d 340, 582 N.W.2d 753 (Ct. App. 1998), the court of appeals determined that "[t]he purpose of this exclusion is not to deny coverage or benefits to relatives, but to prevent car owners who either reject UIM coverage or who have independent policies from getting coverage they have not paid for

simply because of their resident relative status." *See Vieau,* 278 Wis. 2d 683, ¶ 11 (citing *Peabody,* 220 Wis. 2d at 354).

## II

¶ 10. This case comes before us on summary judgment. "We review a circuit court's grant of summary judgment independently, applying the same methodology as the circuit court." *Smaxwell v. Bayard,* 2004 WI 101, ¶ 12, 274 Wis. 2d 278, 682 N.W.2d 923 (citing *Town of Delafield v. Winkelman,* 2004 WI 17, ¶ 15, 269 Wis. 2d 109, 675 N.W.2d 470). Pursuant to Wis. Stat. § 802.08(2), summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Where the material facts are not disputed, the court is presented solely with a question of law, subject to de novo review." *Smaxwell,* 274 Wis. 2d 278, ¶ 12 (citing *Winkelman,* 269 Wis. 2d 109, ¶ 16).

¶ 11. In this case, we address whether American Family's "own-other-car" definitional exclusion is valid under Wis. Stat. § 632.32(6)(b)1. "This issue requires that we interpret and apply statutory provisions to undisputed facts and that we interpret an insurance policy. These are questions of law subject to independent appellate review." *Progressive N. Ins. Co. v. Hall,* 2006 WI 13, ¶ 9, 288 Wis.2d 282, 709 N.W.2d 46 (citing *Beerbohm v. State Farm Mut. Auto. Ins. Co.,* 2000 WI App 105, ¶ 8, 235 Wis. 2d 182, 612 N.W.2d 338).

¶ 12.   As a preliminary matter, the parties dispute whether the requirements of § 632.32(6)(b)1. extend to UIM coverage. More specifically, the parties dispute whether Wis. Stat. § 632.32(1)[4] limits the scope of § 632.32(6)(b)1. to liability coverage and not indemnity coverages such as UIM coverage.

¶ 13.   Vieau relies on *Mau v. North Dakota Insurance Reserve Fund*, 2001 WI 134, 248 Wis. 2d 1031, 637 N.W.2d 45, for his argument that § 632.32(6)(b)1. applies to both liability and indemnity policies. In *Mau*, this court questioned statements from previous decisions that suggested certain provisions of § 632.32 applied solely to liability policies:

> Wis. Stat. § 632.32, which, except as otherwise provided, applies to all motor vehicle insurance policies issued or delivered in Wisconsin. *Clark v. Am. Family Mut. Ins. Co.*, 218 Wis. 2d 169, 173, 577 N.W.2d 790 (1998). Some earlier cases suggest that certain provisions of § 632.32 apply only to liability policies, not indemnity insurance. *See Martin v. Milwaukee Mut. Ins. Co.*, 146 Wis. 2d 759, 770, 433 N.W.2d 1 (1988); *Peabody v. American Family Mut. Ins. Co.*, 220 Wis. 2d 340, 350, 582 N.W.2d 753 (Ct. App. 1998). However, the plain language of several subsections in § 632.32 demonstrate the applicability of those sections to indemnity insurance. . . . Furthermore, this court has applied § 632.32 to indemnity insurance.

*Id.*, ¶ 30 (citations omitted).

---

[4] Wisconsin Stat. § 632.32(1) provides: "Except as otherwise provided, this section applies to every policy of insurance issued or delivered in this state against the insured's liability for loss or damage resulting from accident caused by any motor vehicle, whether the loss or damage is to property or to a person."

¶ 14. Thus, Vieau argues that the circuit court erroneously relied on *Peabody* for its conclusion that American Family's definition of "relative" is not barred by § 632.32(6)(b)1. because, Vieau contends, *Mau* overruled *Peabody*. American Family, on the other hand, contends *Mau* is distinguishable from *Peabody* because *Mau* considered an excess liability policy, whereas *Peabody* considered UIM indemnity coverage.

¶ 15. In *Peabody*, the court of appeals addressed a factually analogous case with an identical "own-other-car" exclusion. *Peabody*, 220 Wis. 2d at 347–48. In that case, Angela Peabody, like James Vieau, was attempting to obtain UIM benefits as a resident relative under her father's American Family policy issued on his own vehicle. *Id.* at 345. The court of appeals first determined that the policy "clearly and unambiguously limits the UIM coverage to the named insured or a relative, provided the relative does not own his or her own vehicle." *Id.* at 347. Peabody owned her own vehicle; therefore, the court concluded that on its face, the policy prevented her from receiving UIM coverage because she did not meet the definition of "relative." *Id.* at 349.

¶ 16. Peabody argued § 632.32(6)(b)1. applied to *all* insurance policies, and therefore, American Family's exclusion was contrary to § 632.32(6)(b)1., because the policy excluded a blood relative. *Id.* Relying on § 632.32(1), the court of appeals disagreed with Peabody and concluded that § 632.32(6)(b)1. "prevents insurers from excluding persons related by blood or marriage from receiving coverage or benefits under a *liability* insurance policy." *Id.* at 350 (emphasis in original). In other words, subsection (6)(b)1. "does not contain any language otherwise providing that its applicability is anything other than to liability policies.

560

The plain language of the statutory scheme indicates that insurance policies may not exclude relatives by blood or marriage from *liability* coverage or benefits, but does not prohibit all exclusions under all circumstances." *Id.* at 350 (citing Wis. Stat. § 632.32(5)(e)) (emphasis in original).

¶ 17. Interestingly, *Peabody* seemingly ignored the completely opposite language in distinguishing *Bindrim v. B. & J. Insurance Agency,* 190 Wis. 2d 525, 527 N.W.2d 320 (1995). In *Bindrim,* this court determined that "the plain language of § 632.32(6)(b)1., requires *all* policies to comply with its terms[.]" *Id.* at 534 (emphasis in original); *see also Clark,* 218 Wis. 2d at 173 ("Wisconsin Stat. § 632.32 applies to all motor vehicle insurance policies issued or delivered in Wisconsin."). As we stated in *Bindrim,* "[t]he terms of the Omnibus Coverage Statute are clear. 'No policy' may exclude a person related by blood or marriage to the insured. Section 632.32(6)(b)1., Stats. No policy means no policy." *Bindrim,* 190 Wis. 2d at 534.

¶ 18. For its part, the *Peabody* court determined that *Bindrim* did not apply because of a different factual scenario and also because liability coverage, not UIM coverage, was at issue. *Peabody,* 220 Wis. 2d at 351–52. The court did not address the differing positions on whether § 632.32(6)(b)1. applied to all types of coverage or just liability coverage.

¶ 19. We agree with Vieau that § 632.32(6)(b)1. applies to indemnity coverage when issued as part of a policy containing liability insurance, contrary to the language of *Peabody.* We base this conclusion on our decision in *Bindrim* and the language in *Mau* cited previously, which called into question the suggestion in *Peabody* that § 632.32(6)(b)1. applies only to liability

policies. Additionally, in our recent decision in *Hall,* we stated the *Mau* court "determined that it is appropriate to apply provisions of § 632.32 to *under*insured motorist coverage, at least when that coverage is part of a liability policy." *Hall,* 288 Wis.2d 282, ¶ 21 (citing *Mau,* 248 Wis. 2d 1031, ¶ 30 & n.13) (emphasis in original).

¶ 20. We also stated in *Hall* that *Mau* "further suggested that any distinction between liability coverage and indemnity coverage does not matter for purposes of § 632.32 when underinsured motorist coverage is issued as part of a policy containing liability insurance[.]" *Id.,* ¶ 22. This language from *Mau* reads as follows:

> Liability coverage "requires the insurer to shield the insured from making payment on a claim for which the insured is liable." *Blazekovic v. City of Milwaukee,* 2000 WI 41, ¶ 38, 234 Wis. 2d 587, 610 N.W.2d 467. "In contrast, uninsured motorist coverage [indemnity coverage] seeks to compensate the insured after the insured has sustained an actual loss." *Id.* Similar to uninsured motorist coverage, underinsured motorist coverage is indemnity coverage.

> Here the distinction between liability and indemnity coverage does not change our conclusion as to the applicability of Wis. Stat. § 632.32. The excess policy falls within the scope of § 632.32 because it is a liability policy. Mau was covered under the excess policy because he bought the IEP Option. According to the rental jacket, "EP [Extended Protection] provides both LIS [Liability Insurance Supplement] and UM protection." The excess policy, therefore, is a liability policy with uninsured and underinsured motorist coverage.

*Mau,* 248 Wis. 2d 1031, ¶ 30 n.13.

¶ 21. We conclude that under the reasoning and language of *Bindrim* and *Mau,* it is appropriate to apply

§ 632.32(6)(b)1. to Kathy Vieau's policy as she was issued UIM coverage as part of a policy containing liability insurance. We further withdraw the language in *Peabody,* which states that § 632.32(6)(b)1. applies only to liability insurance, but we do not overrule the opinion in its entirety. As described below, the reasoning of the remainder of *Peabody* is applicable to our ultimate holding.

IV

¶ 22.   We next turn to the question of whether American Family's "own-other-vehicle" definitional exclusion[5] is permissible under the statutes. This court has set out a two-step test for analyzing the validity of an exclusion. *See Blazekovic,* 234 Wis. 2d 587, ¶¶ 12–13. First, the court must determine whether § 632.32(6) prohibits the exclusion. *Id.,* ¶ 13. Second, the court must determine whether "any 'other applicable law' " prohibits the exclusion. *Id.* (citation omitted).

¶ 23.   As such, if we were to focus solely on the language of § 632.32(6)(b)1., Vieau would be entitled to UIM benefits under his mother's policy as this statute prohibits policies from excluding coverage to persons related by blood to the insured.[6] However, there is another step to the analysis inherent in the language of

---

[5] We recognize the requirement that a relative not own another car is part of the definition of "relative" and is not framed as an outright exclusion. However, we treat the definition the same as an exclusion. *See Mau v. N.D. Ins. Reserve Fund,* 2001 WI 134, ¶ 32, 248 Wis. 2d 1031, 637 N.W.2d 45.

[6] Vieau does not contend that any other applicable law prohibits the exclusion in Kathy Vieau's policy, and therefore, the second step of the *Blazekovic* test is not pertinent to our analysis.

563

§ 632.32(5)(e). That is, "[a] policy may provide for exclusions not prohibited by sub. (6) or other applicable law. Such exclusions are effective even if incidentally to their main purpose they exclude persons, uses or coverages that could not be directly excluded under sub. (6)(b)." Wis. Stat. § 632.32(5)(e).

¶ 24.  Vieau argues that excluding a person who owns a motor vehicle from the policy's definition of "relative" contravenes § 632.32(6)(b)1., and cannot be saved by § 632.32(5)(e), because excluding Vieau from his mother's coverage is not "incidental" to the main purpose of the exclusion. Vieau defines incidental based on a dictionary definition: "subordinate, nonessential, or attendant in position or significance . . . occurring merely by chance or without intention or calculation." *Webster's Third New International Dictionary* 1142 (3d ed. 1986). Using this definition, Vieau contends that it was the blatant purpose of American Family not to provide coverage to a blood relative living in the household, and the exclusion of Vieau as a relative did not happen "merely by chance or without intention or calculation."

¶ 25.  For its part, American Family takes the position that the omnibus statute does not prohibit a policy which excludes Vieau from coverage for reasons other than those enumerated in § 632.32(6)(b)1. American Family argues that Vieau is excluded from UIM coverage by virtue of his ownership of a motor vehicle, not because he is related by blood to the named insured, Kathy Vieau.

¶ 26.  Although there is merit to Vieau's position, we believe that when considering the facts and circumstances of this case, the nature of UIM insurance, the prior precedent, and public policy, American Family's position is stronger.

564

¶ 27. Underinsured motorist coverage in Wisconsin is optional and not mandatory. *See Pitts v. Revocable Trust of Knueppel,* 2005 WI 95, ¶¶ 28–29, 282 Wis. 2d 550, 698 N.W.2d 761. "Under most UIM policies, 'UIM coverage is designed "to put the insured in the same position as he or she would have occupied had the tortfeasor's liability limits been the same as the underinsured motorist limits purchased by the insured." ' " *Id.,* ¶ 29 (citations omitted). An insurer must offer UIM coverage to persons purchasing motor vehicle insurance policies, but it is left to the policyholder to determine the extent to which they want to protect themselves against inadequately insured tortfeasors, if at all. *See* Wis. Stat. § 632.32(4m).

¶ 28. In this case, Vieau has already collected the policy limits from Kaczrowski's liability insurance and the UIM limits from his own insurer. It is unfortunate that Vieau did not purchase enough UIM coverage to fully cover his medical expenses under his own motor vehicle insurance policy, but it does not follow that he should be able to also tap into his mother's UIM coverage to make up the difference. Under § 632.32(5)(e), we believe American Family's definitional exclusion is valid because it is properly focused on relatives who own their vehicles, with their own corresponding insurance, and who can consider for themselves how much UIM insurance to purchase to fully protect themselves from inadequately insured tortfeasors. In other words, although American Family's exclusion may not allow certain persons related by blood to share in the UIM coverage of the policy, such an exclusion is incidental to its central purpose.

¶ 29. For support of our interpretation of "incidental," we turn to its legal definition as defined by *Black's Law Dictionary*. We note that we have previously looked to the legal definition of "incidental" when attempting to interpret when a negligent act is "incidental to" the operation of a gas station for purposes of deciding insurance coverage. *See Home Mut. Ins. Co. v. Ins. Co. of N. Am.*, 20 Wis. 2d 48, 121 N.W.2d 275 (1963). "Incidental" is defined as "[s]ubordinate to something of greater importance; having a minor role[.]" *Black's Law Dictionary* 765 (7th ed. 1999). When we consider the rationale and purpose behind American Family's exclusion, we conclude that American Family was first and foremost excluding Vieau by virtue of his ownership of another vehicle for the reasons alluded to above, and it was not excluding Vieau on the basis that he was related to Kathy Vieau. That is, the main purpose of the exclusion is to prevent resident relatives who own their own vehicles from piggybacking on the uninsured motorist (UM) coverage and UIM coverage of a single insured.[7]

¶ 30. We next review the case law that has been analyzed when exclusions of blood relatives is "incidental" for purposes of § 632.32(5)(e). In *Bindrim,* Susan Degano (Mrs. Degano) struck a motorcycle driven by Thomas Bindrim, while driving an automobile owned

___

[7] We recognize that our interpretation of the term "incidental" may lead some insurance companies to attempt to implement otherwise prohibited exclusions under § 632.32(6) under the guise of some other main purpose. In future cases involving the validity of an exclusion under § 632.32(5)(e), courts should closely scrutinize the facts and circumstances of each case when determining whether "persons, uses, or coverages" are incidentally excluded under a legitimate and justifiable main purpose. Wis. Stat. § 632.32(5)(e).

by a third party. *Bindrim*, 190 Wis. 2d at 531. Colonial Insurance Company (Colonial) had issued an insurance policy to Mrs. Degano's husband, Giuliano Degano (Mr. Degano), which had two fatal flaws: (1) the policy tried to limit the coverage given to situations where Mr. Degano was driving a motor vehicle not owned by him; and (2) the policy attempted to restrict coverage to only Mr. Degano via an endorsement which read "*insured person* or *insured persons* are *restricted* to the *individual named* on the policy, *you*, while using the car. . . ." *Id.* at 533 (emphasis in original). The court concluded that this provision directly contradicted § 632.32(6)(b)1., and Colonial could not deny coverage to Mrs. Degano. *Id.*

¶ 31. Colonial argued that the exclusion of Mrs. Degano was permissible "because it is incidental to writing a policy the purpose of which is to meet the requirements of the Financial Responsibility Statutes." *Id.* at 536. We rejected that argument because there was no policy form that had to be followed to meet these requirements. *Id.* "Since the statutes do not provide for a particular type of coverage, it cannot be argued that the exclusion of Susan Degano was 'incidental' to meeting the requirements of the Financial Responsibility Statutes." *Id.* at 537.

¶ 32. Unlike the direct exclusion of Mrs. Degano from her husband's policy, the exclusion of Vieau from his mother's policy is much more indirect. The Colonial policy restricted coverage to the "individual named" on the policy and therefore expressly excluded all blood relatives. The American Family policy in this case restricted coverage solely to those relatives who owned their own vehicle. It does not expressly remove all relatives from coverage, and there is a rational basis for restricting coverage to such relatives.

¶ 33.  This case is also on point with *State Farm Mutual Automobile Insurance Co. v. Kelly,* 132 Wis. 2d 187, 389 N.W.2d 838 (Ct. App. 1986). In that case, fifteen-year-old Joseph Kelly (Kelly) took, without permission, the keys of a car owned by Kelly's stepfather, Frank Guskey (Guskey), went for a drive, and collided with another automobile. *Id.* at 188. Guskey's insurer, Home Mutual Insurance Company (Home Mutual), denied coverage to Kelly based on a definitional exclusion in the policy, which stated that "no person shall be considered an insured person if the person uses a vehicle without having sufficient reason to believe that the use is with permission." *Id.* at 192. The injured party's insurer contended Home Mutual's policy was contrary to § 632.32(6)(b)1. *Id.* at 189. The court of appeals disagreed and concluded the policy's definitional exclusion was valid:

> As the trial court here properly noted, however, Home Mutual did not deny coverage because Guskey's stepson was driving, but because the stepson was driving without Guskey's permission. The trial court, in analyzing Home Mutual's policy, concluded that there was no "blanket exclusion" of family members; "rather there is coverage with a qualifier." The "qualifier," clearly stated in the policy, is that no one will be considered an insured person unless he or she has permission to use the vehicle.

*Id.* at 194–95. Thus, even though the effect of Home Mutual's policy was to deny coverage to a relative of the insured, the court of appeals held that such an exclusion was permissible as the primary purpose of it was to deny coverage for relatives driving without permission. We view American Family's policy in this case as also containing a permissible "qualifier" on the general definition of a relative.

¶ 34. As alluded to above, the court of appeals utilized the analysis of *Peabody* in determining whether Vieau was properly excluded from coverage. Vieau claims that it was improper to exclude him from the definition of "relative" because he owned his own vehicle, when ownership or use of the car was in no way related to the accident in which he was injured. This fact, Vieau argues, distinguishes his case from *Peabody*, and the court of appeals incorrectly relied on the policy analysis in *Peabody*.

¶ 35. Contrary to Vieau's contention, *Peabody* is essentially identical to the facts of this case. Angela Peabody was injured as a passenger in a vehicle she did not own. *Peabody*, 220 Wis. 2d at 344. At the time of the accident, Peabody owned her own vehicle, insured by a policy that did not include UIM coverage. *Id.* Peabody attempted to get UIM benefits under her father's insurance policy on his own vehicle. *Id.* at 345.

¶ 36. Similar to Vieau's position, Peabody argued that "because she was injured in a third party's vehicle, it is irrelevant that she owned her own car and that she is therefore entitled to coverage." *Id.* at 353. The court of appeals was not persuaded by this argument and it instead applied the reasoning and holding of *Schwochert v. American Family Mutual Insurance Co.*, 139 Wis. 2d 335, 407 N.W.2d 525 (1987), *aff'd*, 172 Wis. 2d 628, 494 N.W.2d 201 (1993). Although the following discussion of the *Peabody* court was not couched in terms of the relationship between §§ 632.32(5)(e) and (6)(b), we quote it at length because it aptly describes why American Family's "own-other-car" exclusion is a legitimate incidental exclusion under § 632.32(5)(e):

> We conclude that the facts of the case at hand are sufficiently similar to apply the reasoning and holding

569

of the *Schwochert* court. Although Peabody was not injured in her own car which did not include UIM coverage as the Schwocherts did, she nevertheless is seeking to tap the UIM benefits of her father's policy on a non-accident vehicle, which policy contained an exclusion of resident relatives who own their own cars from UIM benefits. Peabody owned her own vehicle, insured it with an independent policy, and rejected UIM coverage. We conclude that [Peabody's father's] UIM coverage does not apply to Peabody's injuries sustained in an underinsured vehicle, because the endorsement for UIM coverage was written on another vehicle and specifically excluded coverage for damages incurred by resident relatives who owned their own vehicles. Furthermore, application of the exclusion comports with the public policy that resident relatives should obtain independent policies to guard against the situation where a single insurance policy covers multiple owners because of their resident relative status, and to protect insurance companies from being held responsible for risks for which they did not contract or receive compensation.

*Peabody,* 220 Wis. 2d at 353–54. Likewise, we reject the fact Vieau was injured in a third party's vehicle as irrelevant to our holding.

¶ 37.  American Family also cites to *Clark,* 218 Wis. 2d 169, and *Beerbohm,* 235 Wis. 2d 182, for support of its argument that Vieau's position is untenable under our prior precedent. In *Clark,* this court upheld the validity of an exclusion that barred coverage outside of the United States and Canada, even though the effect of the exclusion was to deny UM coverage to the insured's son. In *Beerbohm,* the court of appeals upheld an exclusion for bodily injuries arising out of the use of a motorcycle, even though the effect of the exclusion was to deny liability coverage to the named insured.

¶ 38. We do not find either of these opinions especially useful, as these opinions did not focus on the language of § 632.32(6)(b)1. in the analysis. In *Clark,* we looked solely at whether § 632.32(6) prohibited a territorial exclusion for UM coverage; we did not consider how such an exclusion implicated subparagraph (6)(b)1. Similarly, in *Beerbohm,* the court of appeals looked to § 632.32(6) to determine if it prohibited policy provisions excluding motorcycle coverage.

¶ 39. Indeed, most policies seemingly contravene § 632.32(6)(b)1. by excluding blood relatives who live *outside* the household. Section 632.32(6)(b)1., on its face does not allow for limiting coverage to relatives who live in the household, but past precedent has placed this gloss on § 632.32(6)(b)1. in the face of this subsection's broad requirement that "[n]o policy may exclude from the coverage afforded . . . [p]ersons related by blood[.]" We believe such an absolutist view of § 632.32(6)(b)1. is contrary to the language of § 632.32(5)(e) and our past decisions, which have permissibly allowed restrictions to the coverage of relatives living in the household.

¶ 40. Thus, we conclude that under the facts and circumstances of this case American Family's definitional exclusion, which denies Vieau the UIM coverage under his mother's policy, is permissible. Were we to decide this case otherwise, a family of five with five vehicles could pay one premium on one policy with UIM coverage and potentially collect UIM proceeds five times. We cannot support such a result.

## V

¶ 41. In sum, we conclude that Wis. Stat. § 632.32(6)(b)1. applies to UIM coverage when issued as part of a policy containing liability insurance. We fur-

ther conclude that American Family's "own-other-car" definitional exclusion is valid under Wis. Stat. § 632.32(5)(e) as Vieau is excluded from coverage because he owns his own motor vehicle and not because he is related by blood to the named insured. Therefore, we affirm the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.