Gregory J. FETHERSTON and Heather Fetherston,
Plaintiffs-Respondents,

EMPIRE-MERRILL LYNCH, Involuntary-Plaintiff,

v.

Michael S. PARKS, ABC Insurance Company,
Country Mutual Insurance Company and
Wisconsin Physicians Service Insurance
Company, Defendants,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
Defendant-Respondent,

ACUITY, A MUTUAL INSURANCE COMPANY,
Defendant-Appellant.

Court of Appeals

*No. 2012AP1920. Oral argument July 9, 2013.
—Decided December 12, 2013.*

2014 WI App 2

(Also reported in 842 N.W.2d 481.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of and oral argument by *James G. Curtis* of *Hale, Skemp, Hanson, Skemp & Sleik,* La Crosse.

On behalf of the defendant-respondent, the cause was submitted on the briefs of *Terry J. Booth* and *Joseph M. Wirth* of *Piper & Schmidt,* Milwaukee. There was oral argument by *Joseph M. Wirth.*

Before Higginbotham, Sherman and Kloppenburg, JJ.

¶ 1. KLOPPENBURG, J. Acuity, a mutual insurance company, appeals an order dismissing American Family Mutual Insurance Company as a defendant in this action.[1] Acuity argues that the circuit court erroneously concluded that the intentional injury exclusion in the insurance policy issued by American Family to its insured, Michael Parks, applied to preclude coverage for injuries suffered by Acuity's insureds, Gregory and Heather Fetherston, when the vehicle that Parks was driving hit their vehicle. We agree. Because it is undisputed that Parks did not intend to injure the Fetherstons when he operated his vehicle in a reckless manner, and because the exclusion requires such intent in order to bar coverage, we reverse and remand for further proceedings.

---

[1] The Honorable Robert G. Mawdsley presided over the trial and entered an order for dismissal. The Honorable William F. Hue entered the final order memorializing Judge Mawdsley's decision.

475

## BACKGROUND

¶ 2. The facts are taken from the trial to the court and are undisputed. Parks was driving late one evening, going about sixty miles per hour in a twenty-five miles per hour zone, as he passed a police car. Parks saw the police car turn around behind him and activate its lights, and he accelerated to ninety miles per hour. Parks continued speeding along a two-lane road, weaving in and out of traffic and passing other vehicles on the left and right. Parks passed a semi on the right and lost control as he hit gravel coming back into the lane in front of the semi. Approximately two minutes after speeding away from the police car, Parks hit the Fetherstons' vehicle approaching in the other lane.

¶ 3. The Fetherstons brought this personal injury action against Parks and his insurer, American Family. American Family asserted that the intentional acts exclusion of its insurance policy applied to deny liability coverage to Parks for the Fetherstons' injuries. The exclusion states, "This coverage does not apply to: . . . 2. **Bodily injury** or **property damage** caused intentionally by, or at the direction of, and substantially certain to follow from the act of an **insured person**." (Alteration in original.)

¶ 4. The circuit court denied American Family's motion for summary judgment, stating:

> Mr. Parks' admitted conduct is intentional. It's prohibited by criminal law and civil ordinance. His high speed, weaving, passing were intended by him to elude the police; they were not intended to injure the Plaintiffs . . . it's the nexus between that criminal and traffic Ordinance conduct and Plaintiff's injury which American Family has not established as "substantially certain". Mr. Parks did not intend the accident that caused the injury . . . . Summary judgment is denied.

¶ 5. The case was ultimately set for a bench trial, at which a judge new to the case presided. Four witnesses testified, including Parks, the officer in the police car, the driver of a vehicle passed by Parks, and the passenger in Parks' vehicle, all consistent with the facts summarized above. Counsel for American Family stated in his opening statement that American Family was "not contending that Mr. Parks subjectively intended to hurt anyone." Rather, American Family argued that Parks' reckless driving "was substantially certain to cause injury," and therefore its intentional injury exclusion applied to bar coverage for the injuries that resulted.

¶ 6. The circuit court found that all of the facts leading up to the accident constituted conduct that was "substantially certain to lead to the accident and lead to the concomitant injuries . . . [and] definitely [rose] to a level that the Court would say there's a substantial certainty here that an injury would occur." The circuit court determined that the intentional injury exclusion applied to preclude coverage for Parks' conduct "which is alleged to have caused the injuries and damages" to the Fetherstons because it was "(1) intentional conduct (2) which was substantially certain to cause injury or damage." Accordingly, the circuit court dismissed American Family "from the lawsuit." Acuity appeals.

## DISCUSSION

¶ 7. The interpretation of an insurance policy is a question of law that we review *de novo. Danbeck v. American Family Mut. Ins. Co.*, 2001 WI 91, ¶ 10, 245 Wis. 2d 186, 629 N.W.2d 150. We construe an insurance policy to give effect to the intent of the parties, expressed in the language of the policy itself, which we interpret as

a reasonable person in the position of the insured would understand it. *Id.* Where the language of the policy is clear and unambiguous, we enforce it as written, without resort to rules of construction or principles in case law. *Id.* "[O]ur duty is to give the policy language its plain meaning and determine what a reasonable person in the position of the insured would have understood the words to mean." *Schult v. Rural Mut. Ins. Co.*, 195 Wis. 2d 231, 237, 536 N.W.2d 135 (Ct. App. 1995).

■

¶ 8. The insurance policy provision at issue in this appeal is an exclusion that reads: "This coverage does not apply to: . . . 2. Bodily injury or property damage caused intentionally by, or at the direction of, *and* substantially certain to follow from the act of an insured person." (Bolded emphasis in original omitted and italicized emphasis added.) On its face, this provision has two predicate clauses. The first clause refers to conduct that intentionally causes harm ("injury or . . . damage caused intentionally by . . . an insured person"); the second clause refers to conduct that is substantially certain to result in harm ("injury or . . . damage . . . substantially certain to follow from the act of an insured person"). The two clauses are separated by the word "and," indicating that both predicates must exist in order for the exclusion to apply. In other words, the exclusion bars coverage only where both a person intentionally causes harm, *and* the person's conduct is substantially certain to result in harm. The former has been characterized in case law as subjective intent, and the latter as objective intent. *Loveridge v. Chartier*, 161 Wis. 2d 150, 168, 468 N.W.2d 146 (1991) ("intent may be actual (a subjective standard) or inferred by the nature of the insured's intentional act (an objective standard)").

■

¶ 9. Objective intent exists "where an intentional act is substantially certain to produce injury" regardless whether the insured subjectively intended to cause harm or injury. *Loveridge*, 161 Wis. 2d at 168. The case law has not as explicitly defined subjective intent, and so we turn to a recognized dictionary to define the term. An actor has subjective intent when the actor intends, meaning "ha[s] in mind; plan[s]," to do some act. AMERICAN HERITAGE COLLEGE DICTIONARY 707 (3rd ed. 1993); *see also* BLACK'S LAW DICTIONARY 881 (9th ed. 2009) (defining "intend" as "[t]o have in mind a fixed purpose to reach a desired objective; to have as one's purpose"; and "intent" as having "the mental resolution or determination to do" an act). In the words of the exclusion at issue here, that act is to cause injury or damage. The plain language of the exclusion at issue here excludes coverage where the insured determines to cause injury *and* where the insured's conduct is substantially certain to result in injury. By its plain language the exclusion requires both subjective intent and objective intent.[2]

---

[2] The case law provided by the parties does not interpret a similar two-part exclusion provision in a motor vehicle insurance policy. For example, the referenced Wisconsin case law includes cases that deal with policy language providing that there is no coverage arising from harm "expected *or* intended" by the insured (emphasis added), primarily in homeowners insurance policies. *See, e.g., Pachucki v. Republic Ins. Co.*, 89 Wis. 2d 703, 705, 278 N.W.2d 898 (1979); *Raby v. Moe*, 153 Wis. 2d 101, 104, 450 N.W.2d 452 (1990). The exclusions in those policies require only one of the kinds of conduct included in the exclusion at issue here—either conduct from which harm is intended by the insured, or conduct from which harm is expected by the insured—not both. By using "or," those exclusions do not require that both subjective and objective intent exist so as to bar coverage, unlike the exclusion at issue in this case.

¶ 10. Here, the circuit court found, and the parties do not dispute, that Parks' driving was so reckless as to be substantially certain to result in injury. However, the circuit court did not make any finding that Parks actually "ha[d] in mind" or "plan[ned]" to cause injury. From the start, Parks maintained that he "never had [the] subjective intent to crash his vehicle or to cause injury to other highway users," and American Family conceded that Parks did not. In his opening statement to the circuit court, counsel for American Family stated that American Family was "not contending that Mr. Parks subjectively intended to hurt anyone." In its briefing on appeal, American Family stated, "Parks may not have . . . intended to harm the Fetherstons . . . ." And in oral argument on appeal, counsel for American Family acknowledged that while Parks' conduct in evading the police and weaving in and out of traffic was reckless, unlawful, and intentional, his conduct in losing control of his vehicle was reckless but not intentional, and his conduct in injuring the Fetherstons was also not intentional. Accordingly, in light of the parties' mutual concession that subjective intent, the first predicate of the exclusion, did not exist, the exclusion by its plain language does not apply to bar coverage.

■

¶ 11. The Wisconsin Supreme Court has recognized this distinction between objective intent and subjective intent in the insurance coverage context: "The law may treat gross negligence as equivalent to intentional wrongdoing for some purposes, but not for the purpose of excluding liability for gross negligence from the coverage of a liability insurance policy." *Peterson v. Western Cas. & Sur. Co.*, 5 Wis. 2d 535, 542, 93 N.W.2d 433 (1958). In *Peterson*, a police officer was injured by an

insured as the insured resisted arrest after being stopped for speeding. The insured's insurance policy provided that the policy did not apply " 'to injury . . . caused intentionally by . . . the insured.' " *Id.* at 541. The jury found that the insured did not intentionally injure the police officer. *Id.* at 537. The court found no error in the jury verdict, rejecting the proposition "that injury caused by gross negligence was the same as injury intentionally caused." *Id.* at 542. The *Peterson* court's "requiring proof of an intent to inflict harm in addition to an intentional act before coverage will be denied," *Pachucki*, 89 Wis. 2d at 710, confirms our plain language reading of the exclusion in this case, which requires a dual showing of subjective and objective intent.

■

¶ 12. The arguments advanced by American Family do not counter this plain language reading. Its arguments center on the operation of Wis. Stat. § 632.32(6)(b)4. (2011–12).[3] This section, entitled "PROHIBITED PROVISIONS" provides, "(b) No policy may exclude from the coverage afforded or benefits provided: . . . 4. Any use of the motor vehicle for unlawful purposes . . . or any use of the motor vehicle in a reckless manner." This provision prohibits American Family from excluding coverage for Parks' conduct that the parties agree was reckless or for unlawful purposes as he sped away from the police, wove in and out of traffic, passed a truck on the right, lost control and hit gravel while moving in front of the truck.

¶ 13. We are not persuaded by American Family's arguments against applying Wis. Stat. § 632.32(6)(b)4. to prohibit exclusion of coverage for Parks' conduct. First,

[3] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

American Family argues that § 632.32(6)(b)4. is irrelevant because (1) the exclusion "relates to intentionally caused injuries," regardless whether they result from reckless or unlawful conduct, and (2) the common law principle of fortuitousness trumps the application of § 632.32(6)(b)4. so as to preclude coverage for "intentionally caused injuries."[4] However, as noted above, the exclusion relates to injuries resulting from conduct that is both subjectively and objectively intentional, and the parties agree that Parks did not subjectively intend to harm the Fetherstons. Therefore, it is American Family's exclusion, not § 632.32(6)(b)4., that does not apply to the reckless and unlawful conduct in this case, at no offense to the doctrine of fortuitousness.

¶ 14. Second, American Family argues that WIS. STAT. § 632.32(5)(e) overrides § 632.32(6)(b)4. so as to authorize application of the intentional acts exclusion to Parks' conduct. WISCONSIN STAT. § 632.32(5)(e) provides, "A policy may provide for exclusions not prohibited by sub. (6) or other applicable law. Such exclusions are effective even if incidentally to their main purpose they exclude persons, uses or coverages that could not be

---

[4] The principle of fortuitousness is implicit in the concept of insurance: "insurance covers fortuitous losses and [particular] losses are not fortuitous if the damage is intentionally caused by the insured." *Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 483–84, 326 N.W.2d 727 (1982). In support of its fortuitousness argument, American Family cites *Haessly v. Germantown Mut. Ins. Co.*, 213 Wis. 2d 108, 117, 569 N.W.2d 804 (Ct. App. 1997), but that case is easily distinguished. The court in that case concluded that the doctrine of fortuitousness militated against coverage under a homeowner's policy for injuries resulting from a brutal beating and intentional battery, and the perpetrator's subsequent failure to provide aid for his victim. That kind of intentional conduct is dissimilar from the conduct here, which none of the parties disputes lacked a subjective intent to harm.

directly excluded under sub. (6) (b)." We understand American Family to be suggesting that its exclusion applies here because it only incidentally excludes coverage for conduct that is reckless or for an unlawful purpose—an exclusion that is prohibited by sub. (6). That might be so where the facts establish subjective intent, as in the cases concerning criminal conduct that the parties cite. In such a situation, the exclusion of coverage for damages from subjectively intentional conduct may well only incidentally reach reckless conduct or conduct for an unlawful purpose, and therefore be allowable under § 632.32(5)(e) because the exclusion's "main purpose" is to bar coverage for subjectively intentional conduct. *See Vieau v. American Family Mut. Ins. Co.,* 2006 WI 31, ¶ 29, 289 Wis. 2d 552, 712 N.W.2d 661 (evaluating the reach of § 632.32(5)(e) by considering the "main purpose" of the exclusion). However, where as here, subjective intent does not exist, the coverage sought to be subject to the exclusion is primarily for damages from conduct that the parties agree is reckless or for unlawful purposes, and such an exclusion is expressly prohibited by sub. (6).

## CONCLUSION

¶ 15. Because it is undisputed that Parks did not intend to injure the Fetherstons when he operated his vehicle in a reckless manner, and because the insurance policy exclusion at issue here requires such intent in order to bar coverage, we conclude that the exclusion does not bar coverage for the injuries suffered by the Fetherstons, and we reverse and remand for further proceedings.

*By the Court.*—Order reversed and cause remanded.